**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANTA FE GOLDWORKS, INC.,
*et al.*,

      Plaintiffs,

v.                                       Civ. No. 23-602 KK/JMR

BELLA JEWELRY, LLC, *et al.*,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

In this copyright infringement action, Defendants Bella Jewelry, LLC, Amini Enterprise, Inc., Amini Brothers, LLC, Frank Amini, and Kevin Karimi (collectively, "Bella Defendants") have moved to dismiss Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 20.) In support, Bella Defendants argue that Plaintiffs have failed to (a) identify all of the copyrights in dispute, (b) adequately allege ownership of the copyrights, (c) allege Defendants' infringing acts with the specificity required to maintain direct infringement claims, and (d) allege how each Defendant knowingly caused or contributed to the infringing conduct as required to maintain contributory infringement claims. (*Id.*) Alternatively, Bella Defendants seek an order directing Plaintiffs to provide a more definite statement of their claims under Federal Rule of Civil Procedure 12(e). (*Id.*) As explained below, Bella Defendants' Motion is not well-taken and is DENIED.

## BACKGROUND

In their Complaint for Injunction and Damages (Doc. 1) ("Complaint"), Plaintiffs Santa Fe

Goldworks, Inc. ("Goldworks") and David Griego allege the following.[1] Mr. Griego has been

designing, making, and selling jewelry in Santa Fe since the early 1970s. (*Id.* at ¶ 19.) In 1972, he

founded Goldworks, a company he continues to own and operate. (*Id.* at ¶¶ 6, 19.) "In the decades

since, Mr. Griego has become one of New Mexico's most sought-after jewelry designers," and

Goldworks has been repeatedly voted the best jewelry store in Santa Fe. (*Id.* at ¶ 19.)

Mr. Griego's best known jewelry is his River of Love ("RoL") collection of rings, earrings,

and pendants, which feature "an original zigzag channel pattern inlaid with opal, turquoise, or

other stones." (*Id.* at ¶¶ 2, 20.) Each RoL "piece Goldworks sells is handmade by Santa Fe

craftsmen to rigorous quality standards." (*Id.* at ¶ 20.) The RoL collection accounts for one third

of Goldworks' total sales, and "its popularity is the result of creativity and years of refinement,

innovation, research, hard work, and advertising." (*Id.*) Eight registered copyrights—three owned

by Mr. Griego and five by Goldworks—protect ten original RoL designs.[2] (*Id.* at ¶¶ 3, 23-26.)

Defendant Bella Jewelry, LLC ("Bella"), doing business as Bella Fine Jewelry and Art,

sells jewelry on premises located less than 100 feet from Goldworks' Santa Fe showroom. (*Id.* at

---

[1] Because Bella Defendants bring their Motion under Federal Rule of Civil Procedure 12(b)(6), the Court will decide it based on the allegations in the Complaint, except as otherwise noted. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("[A] Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). The Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to Plaintiffs for purposes of analyzing the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013). However, legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal,* 556 U.S. at 678.

[2] The Complaint refers to these ten designs as the "Protected Designs," and identifies each copyright registration by registration number and a photographic example of the design(s) it protects. (Doc. 1 at ¶¶ 3, 23-26.) The Complaint indicates that Mr. Griego registered his three copyrights in 1998, 2015, and 2016, while Goldworks registered the remaining five in 2009. (*Id.* at ¶¶ 24-26.) In their Response to Defendants' Motion, Plaintiffs state that Mr. Griego owns only two of the at-issue copyrights and Goldworks the remaining six. (Doc. 30 at 2, 6.) However, this appears to be a mistake in light of the registration documents in the record, which track the Complaint's allegations on this point. (*See* Doc. 20-1 *and* Docs. 34-2 to 34-9.) Thus, for purposes of the present Motion, the Court accepts as true the allegations of copyright ownership stated in the Complaint.

¶¶ 8, 28.) Defendant Amini Enterprise, Inc.[3] ("Amini Enterprise") sells jewelry on the same premises as Bella. (*Id.* at ¶¶ 8, 11, 39.) Defendant Amini Brothers, LLC ("Amini Brothers"), doing business as SFA Enterprises, owns the premises. (*Id.* at ¶ 12.) Defendant Frank Amini is the general manager and one of the owners of Bella, Amini Enterprise, and Amini Brothers.[4] (*Id.* at ¶ 9.) Defendant Kevin Karimi manages Bella. (*Id.* at ¶ 10.)

Within a year of Bella's opening in 2010, Mr. Griego learned that Bella was selling rings and pendants that copied Plaintiffs' RoL designs.[5] (*Id.* at ¶¶ 28, 31.) In the fall of 2011, Mr. Griego's counsel sent Bella's registered agent a demand letter that included images of Plaintiffs' designs, informed Bella Defendants that the depicted designs were protected by copyright, and demanded that they cease to manufacture and sell jewelry using the designs.[6] (*Id.* at ¶ 32.) Mr. Amini eventually met with Mr. Griego in person and told Mr. Griego that he would stop selling infringing jewelry. (*Id.* at ¶ 33.) However, Mr. Griego subsequently "discovered [D]efendants' continuous infringement when he saw a magazine advertisement for Bella in *The Catalogues* that … featured jewelry copying his designs." (*Id.* at ¶¶ 34-35.) *The Catalogues* is a "luxury magazine"

---

[3] The Complaint refers to this entity as "Amini Enterprise, Inc.," but Defendants' Motion indicates that the correct name is "Amini Enterprises, Inc." a correction Plaintiffs adopt without explanation in their Response. (Doc. 1; Doc. 20 at 1; Doc. 30.) In analyzing Bella Defendants' Motion, the Court uses the name given in the Complaint. However, if Plaintiffs intend to continue to pursue claims against this Defendant, they should confirm and use its correct name. In this regard, the Court notes that Plaintiffs omitted this Defendant from the proposed First Amended Complaint (Doc. 34-1) attached to their Motion for Leave to File First Amended Complaint (Doc. 34), which motion the Court denied without prejudice to Plaintiffs' ability to remove Amini Enterprise as a defendant.

[4] These facts lead Plaintiffs to believe that Amini Enterprise is Bella's alter ego. (Doc. 1 at ¶¶ 11, 39.)

[5] The Complaint includes a side-by-side photo comparison of one of Goldworks' copyrighted designs and one of Bella Defendants' allegedly infringing works. (Doc. 1 at ¶ 29.) The Goldworks ring depicted in the photo comparison appears to be the one protected by the registration numbered VA 1-703-738. (*Compare id.* at ¶ 25(2) *with id.* at ¶ 29.)

[6] The Complaint generally indicates that this letter was sent in 2011, but in one instance states that it was sent in 2017. (*Compare* Doc. 1 at ¶ 32 *with id.* at ¶¶ 33, 36, 56.) In their Response, Plaintiffs clarify that the letter was in fact sent in 2011 and that the reference to 2017 is a typographical error. (Doc. 30 at 8 n.1.) Plaintiffs corrected this error in the proposed First Amended Complaint (Doc. 34-1) attached to their Motion for Leave to File First Amended Complaint (Doc. 34), which motion the Court has denied without prejudice to Plaintiffs' ability to make the proposed correction.

that "features boutique jewelry, art, and clothing businesses across the Southwest," published by Defendant Manic Enterprises, LLC ("Manic"), of which Defendant Cindy DeNapoli is the sole member. (*Id.* at ¶¶ 5, 14-15, 43.)

Plaintiffs' further investigation revealed that Bella Defendants have continued to sell jewelry that is "substantially similar" to the RoL protected designs in their Santa Fe jewelry store and on their website. (*Id.* at ¶¶ 35-36.) Defendants have tried to hide their infringing activity from Mr. Griego, and when he has tried to confront them about it, Bella staff have told him to leave the store. (*Id.* at ¶ 37.) Thus, in March 2023, Mr. Griego sent a second demand letter to Bella Defendants that was personally delivered to Mr. Karimi at the Bella store. (*Id.* at ¶ 38.) Defendants did not respond to the letter and when Mr. Griego contacted Mr. Karimi about it by phone, Mr. Karimi told him that "Bella had made minute changes to [his] designs so that what they sold was different." (*Id.*) Mr. Karimi also told Mr. Griego that "it was the fault of the person who made the rings that Bella sells." (*Id.*)

Plaintiffs have never licensed or otherwise permitted any Defendant to copy any of their works. (*Id.* at ¶ 27). Yet Bella Defendants have continued to reproduce, market, and sell copies of RoL protected designs. (*Id.* at ¶¶ 34, 36, 41, 53.) Bella Defendants have had "continuous and easy access" to the RoL designs because of their close proximity to Goldworks' showroom and because Plaintiffs have advertised the designs extensively in local, regional, and national publications. (*Id.* at ¶¶ 21, 30.)

Manic, in turn, has "repeatedly" run an advertisement in *The Catalogues* that displays "Bella's infringing jewelry."[7] (*Id.* at ¶ 43.) In April 2023, Plaintiffs notified Manic that any further

---

[7] The Complaint includes a photograph of the referenced advertisement. (Doc. 1 at ¶ 43.)

distribution of the advertisement would constitute willful copyright infringement. (*Id.* at ¶ 44.)

Nevertheless, Manic has continued to publish the advertisement. (*Id.*)

Plaintiffs filed this action on July 17, 2023, alleging that all Defendants except Amini Brothers and Ms. DeNapoli have ongoingly violated Plaintiffs' exclusive rights under 17 U.S.C. § 106, including their rights to reproduce, display, and distribute jewelry using RoL designs protected by registered copyrights and to create, display, and distribute derivative works based on those designs. (*Id.* at 1, 13-14.) Plaintiffs further allege that all Defendants except Bella and Manic are liable for vicarious and contributory copyright infringement. (*Id.* at 14-16.) In support of their contributory and vicarious infringement claims against Mr. Amini, Mr. Karimi, Amini Enterprise, and Amini Brothers, Plaintiffs allege that: (1) as an owner and manager of Bella, Amini Enterprise, and Amini Brothers, Mr. Amini directs and controls Bella's and Amini Enterprise's infringing activity, provides commercial space for the activity through Amini Brothers, and has a financial interest in continuing the activity, (*id.* at ¶¶ 63, 67, 68); (2) Mr. Karimi supervises Bella's infringing activity, (*id.* at ¶ 64); (3) as Bella's alter ego, Amini Enterprise engages in the same infringing activity as Bella, (*id.* at ¶ 65); and, (4) Amini Brothers provides commercial space for the infringing activity with a financial benefit that flows back to that entity. (*Id.* at ¶ 68.) Plaintiffs seek injunctive relief, disgorgement of profits, damages, and attorney fees and costs against all Defendants. (*Id.* at 16-17.)

After Plaintiffs filed their Complaint, the Clerk of the Court sent a report to the Register of Copyrights pursuant to 17 U.S.C. § 508, listing the registered copyrights in dispute. (Doc. 3.) This report omitted VA 2-069-785, one of the registered copyrights Plaintiffs identify in the Complaint. (*Compare id. with* Doc. 1 at ¶ 26(7).) On June 11, 2024, the Clerk sent the Register an amended report that includes the previously omitted registration. (Doc. 38.)

On September 22, 2023, Bella Defendants[8] filed their Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 20) ("Motion"). Plaintiffs filed their Response in opposition to the Motion on October 6, 2023, and Bella Defendants filed their Reply in support of it on October 20, 2023. (Docs. 30, 31.)

### ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and ellipses omitted). This pleading standard "does not require detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks omitted). Rather, the nonconclusory factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1234 (10th Cir. 2020).

Accordingly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Walker v.*

---

[8] One of the parties on behalf of which Bella Defendants purport to have filed their Motion is SFA Enterprises, LLC. (Doc. 20 at 1.) However, SFA Enterprises, LLC is not in fact a defendant. Rather, as Plaintiffs point out in their Response, the Complaint refers to SFA Enterprises, LLC only as the name under which Defendant Amini Brothers does business. (Doc. 30 at 4; *see* Doc. 1 at ¶¶ 9, 12.) And a "doing business as" designation is not a separate legal entity capable of being sued. *Edgley v. Lappe*, 342 F.3d 884, 889 (8th Cir. 2003); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002); *Mastro v. Seminole Tribe of Fla.*, 578 F. App'x 801, 802–03 (11th Cir. 2014); *Walden v. Dolgencorp, LLC*, 2023 WL 2973965, at *1 (D.N.M. Apr. 17, 2023); *Childress v. Deering*, 2019 WL 409825, at *5 (D.N.M. Jan. 29, 2019).

*Mohiuddin*, 947 F.3d 1244, 1248-49 (10th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Walker*, 947 F.3d at 1249. "'[P]lausibility' … refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation marks omitted).

In evaluating the sufficiency of a complaint on a motion to dismiss, courts may consider not only the factual allegations in the complaint, "but also the attached exhibits and documents incorporated into the complaint by reference." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011). Courts may also consider documents not attached to or specifically incorporated into the complaint if the complaint refers to the documents, the documents are central to the plaintiff's claim, and the parties do not dispute their authenticity. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999); *Hill v. Vanderbilt Capital Advisors, LLC*, 834 F. Supp. 2d 1228, 1247 (D.N.M. 2011). Finally, on a Rule 12(b)(6) motion, courts may take judicial notice of appropriate facts and records. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Hill*, 834 F. Supp. 2d at 1247.

Like other civil complaints, complaints in copyright infringement cases are subject to the pleading requirements set forth in Rule 8; and, like other Rule 12(b)(6) motions to dismiss, motions to dismiss copyright infringement claims are evaluated according to the pleading requirements announced in *Twombly* and *Iqbal*. "[E]ven post-*Twombly*, Rule 8 requires only the pleading of the basic elements of an infringement claim, albeit allegations that rise above the speculative level. There is no heightened pleading requirement for copyright-infringement claims." 6 Patry on

Copyright § 19:3 (footnotes omitted); *see also, e.g., Severe Recs., LLC v. Rich*, 658 F.3d 571, 578

(6th Cir. 2011) (applying *Twombly/Iqbal* standard to motion to dismiss copyright infringement

claim); *Bethel v. Sandia Aerospace Corp.*, 2023 WL 2043302, at *3 (D.N.M. Feb. 16, 2023)

(same); *Johnson v. Amazon.Com, Inc.*, 2021 WL 149857, at *1-*2 (W.D. Okla. Jan. 15, 2021)

(same); *SAS Inst. Inc. v. World Programming Ltd.*, 2019 WL 8331536, at *1-*2 (E.D. Tex. Apr.

4, 2019) (declining to apply heightened pleading requirements in copyright case); *Adlife Mktg. &*

*Commc'ns Co. v. Best Yet Mkt., Inc.*, 2017 WL 4564763, at *6 (E.D.N.Y. Oct. 11, 2017) (same);

*Guzman v. Hacienda Records & Recording Studio, Inc.*, 2013 WL 2189952, at *2 (S.D. Tex. May

20, 2013) (same); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, 2009 WL 3188391, at *1-

*2 (D. Ariz. Sept. 29, 2009) (same). The Court therefore evaluates Bella Defendants' Motion in

accordance with Rule 8, *Twombly*, and *Iqbal*.[9]

I.      Plaintiffs have sufficiently identified all of the copyrights at issue in their Complaint.

Bella Defendants argue that the Court should dismiss Plaintiffs' claims arising out of the

copyright registration numbered VA 2-069-785 because the original report the Clerk of the Court

---

[9] The Court rejects Bella Defendants' request to apply a heightened pleading standard to Plaintiffs' Complaint. (*See* Doc. 20 at 3.) Defendants have not cited—and this Court has not located—any Supreme Court or Tenth Circuit authority imposing a heightened pleading standard for copyright infringement claims. (*Id.*); *cf. generally Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298-99 & n. 3 (10th Cir. 2014) (holding that collateral estoppel barred copyright infringement claim where Ninth Circuit, applying the pleading standard set forth in *Twombly*, *Iqbal*, and Rule 8, had previously found the plaintiff's ownership claim "simply implausible"). Moreover, Defendants' reliance on opinions predating *Twombly* and *Iqbal* to support their request is misguided, (Doc. 20 at 3), as is their suggestion that *Twombly* and *Iqbal* countenance the heightened pleading standard they urge. (Doc. 31 at 2-3.) The Tenth Circuit has described the plausibility standard announced in *Twombly* and *Iqbal* as "refined," rather than heightened. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). And the non-binding, post-*Iqbal* cases Defendants cite in support of a heightened copyright pleading standard are not persuasive on this point because they fail to explain why such a standard would be more appropriate than the one announced in *Twombly* and *Iqbal*. (*See* Doc. 31 at 4-5 (citing *Bob Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2017 WL 2544046, at *2 (W.D. Tex. June 12, 2017) and *Zalewski v. T.P. Builders, Inc.,* 2011 WL 3328549, at *3 (N.D.N.Y. Aug. 2, 2011).) Also unpersuasive is Bella Defendants' argument that enforcement of "heightened pleading requirements is consistent with *Twombly's* directive that courts should scrutinize claims"—such as those for copyright infringement—that are purportedly more "prone to abusive litigation." (Doc. 31 at 5.) As interpreted by *Twombly* and *Iqbal*, Rule 8 already provides the proper means to weed out abusive infringement claims at the pleading stage by ensuring that a complaint includes well-pleaded factual allegations that plausibly give rise to an entitlement to relief.

forwarded to the Register of Copyrights omitted this registration number. (Doc. 20 at 4; *see* Doc. 3 at 1.) But this argument mistakenly treats the report as Plaintiffs' pleading under Rule 8, which it is not. Rather, the report merely notifies the Register of copyrighted works involved in pending civil litigation. *See* 17 U.S.C. § 508(a). Moreover, all that is required to establish copyright ownership at the pleading stage of a copyright infringement case is a plausible factual assertion; no extrinsic evidence is necessary. *Wilson v. Brennan*, 2008 WL 11337293, at *1 (D.N.M. Jan. 7, 2008); *see also Rivers v. Skate Warehouse, LLC*, 2013 WL 12128800, at *6 (C.D. Cal. Apr. 15, 2013) (holding that, standing alone, complaint's allegation that plaintiff owned copyright would be enough to establish standing to sue for infringement of that copyright). Because Plaintiffs in their Complaint unequivocally allege that Mr. Griego owns the copyright protected by the registration numbered VA 2-069-785, (Doc. 1 at ¶ 26(7)), they have proffered a sufficient factual basis to sue for infringement of that copyright.[10]

II.     Plaintiffs' Direct Copyright Infringement Claims (Count I)

To state a claim for direct copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (quotation marks omitted). "Copying" requires a plaintiff to show that: (1) "a defendant copied the plaintiff's work as a factual matter," and (2) there is "substantial similarity between the allegedly infringing work and the elements of the

---

[10] Bella Defendants' reliance on *Star Fabrics Inc. v. Norm Thompson Outfitters,* 2019 WL 6894528 (C.D. Cal. July 10, 2019), is misplaced. In that case, the court merely held that a 17 U.S.C. § 508 report identifying the copyright at issue, along with imperfect identifying information in the complaint, gave the defendant more than enough notice as to which copyright the plaintiff claimed to own. *Id.* at *2. Here, in contrast, Plaintiffs have amply identified the copyright registration numbered VA 2-069-785 in their Complaint.

copyrighted work that are legally protected."[11] *Savant Homes, Inc.*, 809 F.3d at 1138 (quotation

marks omitted); *see also Bethel*, 2023 WL 2043302, at *4 (citing *Craft Smith, LLC v. EC Design,*

*LLC*, 969 F.3d 1092, 1101 (10th Cir. 2020)).

A plaintiff can show factual copying by presenting direct evidence, or by presenting

indirect evidence showing that the defendant had access to the original work and that the infringing

work has probative similarities to the original. *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9

F.3d 823, 832 (10th Cir. 1993). "Direct proof of copying is rare, and plaintiffs will typically rely

on the indirect method of proof." *Id.* at 833 (citations omitted).

> The degree of similarity between [works] necessary to give rise to the inference
> that copying occurred will vary from case to case. A high degree of similarity may
> permit access to be inferred. Conversely, where there is strong proof of access, the
> necessary showing of factual similarity will be relatively lower.

*Id.* at 833 n.9 (citations omitted).

To resolve the question of substantial similarity, in turn, "a court must determine (1) which

elements of the copyrighted work are protectable, and (2) whether these elements are substantially

similar to the accused work." *Craft Smith, LLC*, 969 F.3d at 1101. Components of a work are

protectable if they are "original to the author," *i.e.*, "independently created by the author" and

"possess[ing] at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 345, 348 (1991). And the requisite substantial similarity exists when the

infringing work is so similar to the copyrighted work "that an ordinary reasonable person would

conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking

material of substance and value." *Savant Homes*, 809 F.3d at 1140 (brackets omitted).

---

[11] "Copying is a shorthand reference to the act of infringing any of the copyright owner's … exclusive rights set forth
at 17 U.S.C. § 106," including the rights to reproduce, display, and distribute original works and create derivative
works. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991) (quotation marks omitted);
*Paramount Pictures Corp. v. Video Broad. Sys., Inc.*, 724 F. Supp. 808, 819 (D. Kan. 1989) (quotation marks omitted).

A.  Plaintiffs have plausibly alleged ownership of the RoL copyrights.

Bella Defendants contend that Plaintiffs have failed to adequately allege facts establishing ownership of a valid copyright. (*See* Doc. 20 at 4.) In support of this contention, Defendants argue that the allegation, "Plaintiffs own registered copyrights in the Protected Designs," (Doc. 1 at ¶ 47), conflicts with earlier allegations that ownership of the eight registered copyrights is divided, with three belonging to Mr. Griego and five to Goldworks. In Defendants' estimation, these conflicting statements are irreconcilable and thus negate any claims to ownership made in the Complaint.

In fact, however, these statements are easily reconciled. The use of the plural term "Plaintiffs" in paragraph 47 of the Complaint is found in "Count I" and merely summarizes the earlier, more specific factual allegations that Mr. Griego owns three, and Santa Fe Goldworks five, of the copyrights in dispute, by way of establishing the first element of Plaintiffs' direct infringement claims. Nothing in the Complaint creates any ambiguity as to whether Plaintiffs own the copyrights at issue or even as to which Plaintiff owns which copyrights. Plaintiffs have sufficiently alleged ownership of the eight registered copyrights protecting the RoL designs.

B.  Plaintiffs have pleaded acts of direct copyright infringement with adequate specificity.

Bella Defendants next assert that Plaintiffs have failed to allege by what acts and at what times Defendants have infringed their copyrights with enough specificity to meet the applicable pleading requirements. (Doc. 20 at 5.) As already discussed, to survive Defendants' Motion Plaintiffs need only allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face in light of the elements of the claim. *Iqbal*, 556 U.S. at 678. Although there is no direct guidance from the Tenth Circuit, the Court notes, and finds persuasive, district court cases holding that complaints alleging continuous or ongoing copyright infringement need not detail each

specific infringing act to satisfy the plausibility standard. *See, e.g., Aaberg v. Francesca's Collections, Inc.*, 2018 WL 1583037, at *4 (S.D.N.Y. Mar. 27, 2018); *Sony BMG Music Ent. v. Braun*, 2008 WL 5135105, at *1-*2 (E.D. Mo. Dec. 5, 2008); *and compare Johnson,* 2021 WL 149857, at *2-*3 (finding complaint alleged sufficient facts to provide fair notice of copyright infringement claim where it (1) alleged ownership of valid copyright and that defendant infringed copyrighted work by listing and selling products online that replicated copyrighted material, (2) provided registration number, and (3) attached certificate of registration and a listing that included an allegedly infringing work); *AK FortySeven Recs. Ltd. Co. v. Bahamas Ministry of Tourism*, 2018 WL 1877020, at *2 (S.D. Tex. Apr. 19, 2018) (holding that complaint gave defendant fair notice of specific infringing acts by alleging that defendant used copy of identified protected work in an "advertising campaign" that "included at least one television commercial and postings on … YouTube" in "late 2016," without identifying the specific advertisements at issue); *Basevi, Inc. v. Acorn Co.*, 2009 WL 764532, at *4 (C.D. Cal. March 19, 2009) (holding that plaintiff adequately pleaded copyright infringement where it (1) identified the copyrighted artworks, (2) attached exhibits showing the copyright registration numbers, (3) alleged defendant had sold cards with the copyrighted artworks, and (4) attached images of five of the allegedly infringing cards).

For example, in *Aaberg*, the court denied a motion to dismiss multiple plaintiffs' infringement claims, holding that allegations of ongoing, unauthorized sale of the plaintiffs' works adequately alleged infringing conduct despite not identifying each infringing act because the plaintiffs identified the protected works at issue and when the infringing activity began. *Aaberg*, 2018 WL 1583037, at *4. The *Aaberg* court noted that, because *Twombly* allows for fact pleading based on information and belief in instances where "much of the information [about the infringing

activity] exists principally within the [d]efendants' possession and control," more specificity as to each infringing act was not required. *Id.* at \*3-\*4.

Likewise, here, Plaintiffs have adequately alleged the infringing acts that support their direct infringement claims. Specifically, Plaintiffs aver that Bella Defendants copied the ten designs depicted in the Complaint, displayed, marketed, and sold jewelry that is substantially similar to protected elements of these designs, and created, displayed, marketed, and sold derivative works based on these designs. (Doc. 1 at ¶¶ 47-52.) Plaintiffs also allege that Bella Defendants have had continuous and easy access to Plaintiffs' copyrighted designs and that there are probative similarities between these designs and the allegedly infringing works, (*id.* at ¶¶ 29-30, 48-49), thus pleading facts that, if proven, could circumstantially establish factual copying.

Furthermore, Plaintiffs adequately allege a time frame for the claimed infringing activity, namely a period beginning in 2011 and continuing to the filing of the Complaint. It is true that the Complaint does not allege the exact date on which the infringing activity began, nor does it detail every instance of infringing activity. However, Rule 8 does not require that level of specificity in the context of this case, particularly where Plaintiffs allege that Bella Defendants have tried to hide their infringing activity from Plaintiffs and where much of the information about specific instances of such activity would most logically be in Bella Defendants' sole possession.[12] *Aaberg*, 2018 WL 1583037, at \*3-\*4.

For the first time in their Reply, Bella Defendants also suggest that Plaintiffs' direct infringement claims are deficient because their Complaint "offers no guidance to Defendants or the Court" as to whether the copyrighted works include original, protectable elements. (Doc. 31 at

---

[12] The Court expects that, pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs will soon disclose any evidence of specific instances of claimed infringing activity in their possession, custody, or control, including for instance any screenshots of allegedly infringing jewelry Mr. Griego claims to have discovered on Bella Defendants' website. (*See* Doc. 1 at ¶ 35).

8-11.) But there are two problems with this argument. First, courts generally do not consider new arguments or evidence presented for the first time in a reply and must either permit a surreply or refrain from relying on the new material. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003); *Belshaw v. Yost*, 2022 WL 17848108, at *12 (D.N.M. Dec. 22, 2022); *Welch v. City of Albuquerque*, 2016 WL 8809479, at *3 n.6 (D.N.M. May 13, 2016); *Harvey v. THI of New Mexico at Albuquerque Care Ctr., LLC*, 2013 WL 12329078, at *6 (D.N.M. Sept. 30, 2013); *Alexander v. New Mexico Vocational Rehab.*, 2008 WL 11399605, at *7 (D.N.M. Sept. 25, 2008). "It is unfair to the opposing party for the court to consider new issues submitted with a reply; it deprives the opposing party of a chance to respond and it deprives the court of the benefit of full briefing." *Alexander*, 2008 WL 11399605, at *7.

Second, Bella Defendants candidly admit that courts do not usually resolve this issue "at the pleading stage," (Doc. 31 at 9), for good reason. Defendants contend that Plaintiffs' Complaint fails to satisfy the originality requirement because "[p]rotection is never afforded to common or standard design elements … like geometric shapes, arrangements, and zig-zags," which are "building blocks available to all designers," and because "[z]ig-zag jewelry designs can be traced to early Native Americans and were already in the public domain." (*Id.* at 11 (emphasis omitted).) But on a motion to dismiss like the one presently at issue, the Court must accept as true, and view in Plaintiffs' favor, their opposite and nonconclusory factual allegations to the effect that the RoL collection incorporates, and Bella Defendants copied, "original" design elements, *i.e.*, elements Plaintiffs "independently created" that possess "at least some minimal degree of creativity." (Doc. 1 at ¶¶ 2, 19-20); *Feist Publications, Inc.*, 499 U.S. at 345, 348; *see Iqbal*, 556 U.S. at 678-79. Thus, even if Defendants' originality argument were properly before the Court, it would not justify dismissal under Rule 12(b)(6).

In summary, because Plaintiffs have made nonconclusory factual allegations concerning their ownership of specific, registered copyrights and Bella Defendants' ongoing infringement of those copyrights, Plaintiffs have asserted sufficient factual content to allow the Court to draw a reasonable inference that Bella, Amini Enterprise, Mr. Amini, and Mr. Karimi are liable for direct copyright infringement. *See Iqbal*, 556 U.S. at 678. The Court will therefore deny Bella Defendants' Motion insofar as it seeks dismissal of Plaintiffs' direct infringement claims.

III.    Plaintiffs' Vicarious and Contributory Infringement Claims (Count II)

In addition to their claims for direct copyright infringement, Plaintiffs also allege that Mr. Amini, Mr. Karimi, Amini Enterprise, and Amini Brothers are liable for vicarious and contributory infringement. (Doc. 1 at ¶¶ 60-72.) Vicarious and contributory infringement are similar but distinct causes of action, each with its own set of elements. *See Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). While Defendants apparently seek to dismiss both types of claims, the arguments in their Motion address only Plaintiffs' contributory infringement claims. (*See generally* Doc. 20.) "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The [C]ourt will not do his research for him." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (brackets omitted). Because Defendants' request for dismissal of Plaintiffs' vicarious infringement claims lacks any support, the Court will deny their Motion with respect to those claims.

Turning to Plaintiffs' contributory infringement claims, Bella Defendants contend that Plaintiffs have failed to adequately allege how each Defendant (1) "cause[d] or materially contribute[d] to another's infringing activities" and (2) "[knew] of the infringement." *Diversey*, 738 F.3d at 1204; (*see* Doc. 20 at 5-6.) To the contrary, however, Plaintiffs have made numerous

specific factual allegations to substantiate these two required elements.[13] As to Mr. Amini and Mr. Karimi, Plaintiffs allege that these individuals managed, controlled, and/or supervised the entities that allegedly engaged in the infringing conduct, and that Mr. Griego actually discussed the infringing conduct with both men but it has nevertheless continued. Viewed in Plaintiffs' favor, these allegations support the reasonable inference that Mr. Amini and Mr. Karimi either caused the entities to engage in infringing conduct or materially contributed to it. *See Diversey*, 738 F.3d at 1204 ("One way of establishing contributory liability is by showing a defendant authorized the infringing use.") (quotation marks omitted).

Further, because Plaintiffs plausibly allege that Amini Enterprise is Bella's alter ego, one can reasonably infer that Amini Enterprise materially contributed to Bella's infringing conduct. And finally, Plaintiffs allege that Amini Brothers materially contributed to the infringing activity at issue by providing commercial space for it.

Moreover, Plaintiffs have adequately alleged the knowledge element required for their contributory infringement claims in light of their allegations that: (1) Mr. Amini manages, controls, and has an ownership interest in Bella, Amini Enterprise, and Amini Brothers; (2) Mr. Karimi supervises Bella; (3) Amini Enterprise is an alter ego of Bella; and, (4) Plaintiffs directly notified Mr. Amini and Mr. Karimi of the alleged infringements, which, again, have nevertheless continued. The Court will therefore deny Defendants' Motion insofar as it seeks dismissal of Plaintiffs' contributory infringement claims.

---

[13] As the sole example of Plaintiffs' failure to adequately allege contributory infringement, Defendants point to Plaintiffs' failure to describe the infringing conduct of "SFA Enterprises, LLC." (Doc. 20 at 6.) But the Complaint refers to "SFA Enterprises" only as the name under which Defendant Amini Brothers does business, and asserts no claims against it as a separate entity. (Doc. 1 at ¶¶ 9, 12; Doc. 30 at 4); *see, e.g.*, *Mastro*, 578 F. App'x at 802–03 (holding that a "doing business as" designation is fictitious and not a separate legal entity); *Walden*, 2023 WL 2973965, at *1 (same); *Childress*, 2019 WL 409825, at *5 (same); *see also Edgley*, 342 F.3d at 889 ("[A] 'dba designation' does not create a separate entity."); *Snowden*, 290 F.3d at 634 n.2 (holding that a trade name "is not a separate legal entity capable of being sued").

IV.     <u>The Complaint is sufficiently clear to allow Defendants to plead responsively</u>.

Finally, in the alternative to dismissal, Bella Defendants seek an order directing Plaintiffs to give a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions "are appropriate when the complaint is 'sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but … so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (2d ed.)). However, "[a] motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail" and should not "substitute for discovery." *Wagner v. Lacy,* 2013 WL 12328852, at *2 (D.N.M. Nov. 18, 2013) (quotation marks omitted).

Although Bella Defendants do not explicitly distinguish their arguments regarding Rule 12(b)(6) and Rule 12(e), their request for a more definite statement appears to seek information that they do not need to plead responsively. For example, inasmuch as Defendants base their Rule 12(e) request on Plaintiffs' failure to specifically identify every infringing act at issue, those facts may of course be sought in discovery but are not necessary for Defendants to respond to the allegations that they have, since 2011, engaged in ongoing copyright infringement of the copyrighted designs. *See Wagner*, 2013 WL 12328852, at *2; *see also* Part II.B., *supra*.

Bella Defendants' other arguments in favor of their Rule 12(e) motion seem to be based on non-existent ambiguities in the Complaint. For example, Defendants' assertion that they are unable

to evaluate a statute of limitation defense based on ambiguous allegations about when the allegedly infringing acts occurred, (Doc. 20 at 5), is belied by Plaintiffs' allegations that limit the scope of Defendants' infringing activities to between 2011 and the present. Moreover, though Bella Defendants assert that Plaintiffs have named "a jumble of corporate defendants" without specifically attributing infringing acts to particular entities, (*id.* at 6), the Complaint adequately specifies in what capacity each Defendant contributed to the alleged infringing activity. *See* Part III., *supra*.

Bella Defendants also argue that the Complaint's use of the phrase "Protected Designs" is too ambiguous to allow a response because it does not specify which copyrighted works are at issue. (Doc. 20 at 4-5.) However, this argument is plainly without merit. The Complaint clearly identifies the eight copyright registrations at issue by number and accompanying photographs, and states that the term "Protected Designs" refers to the ten designs covered by these registrations, thus dispelling any ambiguity as to its meaning. (Doc. 1 at ¶¶ 23-26.) In short, the Complaint provides Defendants with enough detail to allow them to plead responsively to Plaintiffs' direct and contributory copyright infringement claims.

Though the facts in *Kabana, Inc. v. Nagalle Designs, Inc.*, 1999 WL 35809859 (D.N.M. Feb. 19, 1999), are in some respects similar to those presented here, Bella Defendants' reliance on *Kabana* for the proposition that Plaintiffs need to give multiple specific examples of infringement to allow Defendants to plead responsively is mistaken.[14] In *Kabana*, the court held that the grant of a Rule 12(e) motion was warranted because the complaint cited only one example of how the defendants infringed on certain identified jewelry designs under copyright, but alleged that the

---

[14] The Court notes that *Kabana* was decided before *Twombly* and *Iqbal* and relied on three district court cases from other Circuits to apply a heightened pleading standard in the case before it, without substantively analyzing what standard should be applied. *See* 1999 WL 35809859, at *1.

defendants had infringed on other, unidentified copyrighted works as well. *Id.* at *1. Thus, the court ruled that, to answer responsively, the defendant needed a more definite statement as to "which specific original works [were] the subject of the claim" and "by what acts and during what time frame defendants … infringed the copyright." *Id.* Here, in contrast, Plaintiffs have specifically identified all of the copyrighted works at issue and also generally indicated the applicable time frame and infringing acts, thus obviating the need to give additional examples of the infringement. *Aaberg*, 2018 WL 1583037, at *4. The Court will deny Bella Defendants' Motion insofar as it seeks a more definite statement.

## CONCLUSION

IT IS THEREFORE ORDERED that Bella Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 20) is **DENIED**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent