IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTA FE GOLDWORKS INC. and
DAVID GRIEGO,

      Plaintiffs,

v.                                                                  No. 1:23-cv-602-KK/JMR

BELLA JEWELRY, LLC,
AMINI ENTERPRISE, INC.,
AMINI BROTHERS, LLC,
FRANK AMINI; KEVIN KARIMI,
MANIC ENTERPRISES LLC
and CINDY DENAPOLI,

      Defendants,
and

MANIC ENTERPRISES LLC,
CINDY DENAPOLI,
BELLA JEWELRY, LLC
FRANK AMINI and KEVIN KARIMI,

      Counterclaimants,
v.

SANTA FE GOLDWORKS, INC. and
DAVID GRIEGO,

      Counter-Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES [DOC. 46] BY DEFENDANTS, BELLA JEWELRY, LLC, AMINI ENTERPRISES, INC., AMINI BROTHERS, LLC, FRANK AMINI, AND KEVIN KARIMI**

**and**

**FIRST AMENDED COUNTERCLAIM FOR DECLARATIONS OF COPYRIGHT INVALIDITY AND NON-INFRINGEMENT OF THE ALLEGED COPYRIGHT BY COUNTERCLAIMANTS BELLA JEWELRY, LLC, FRANK AMINI, AND KEVIN KARIMI**

**COME NOW**, Defendants/Counterclaimants Bella Jewelry, LLC, Frank Amini and Kevin Karimi and Defendants Amini Enterprises, Inc. (improperly named as Amini Enterprise, Inc.), Amini Brothers, LLC (collectively referred to as "Bella Defendants" and "Defendants"), by and through their counsel of record, Civerolo, Gralow, & Hill, P.A. (Megan Day Hill and Lance D. Richards), and submit their Answer to Plaintiffs' Amended Complaint for Injunction and Damages (the "Amended Complaint") as follows:

## INTRODUCTION

1.    With respect to the allegations in Paragraph 1 of the Amended Complaint, Defendants admit that Plaintiffs filed an action for copyright infringement but deny that the filed action has a valid basis in either law or fact and deny all other allegations asserted in Paragraph 1 of the Amended Complaint.

2.    With respect to the allegations in Paragraph 2 of the Amended Complaint, Defendants deny that the "zigzag channel pattern inlaid with opal, turquoise, or other stones" was originally designed by Plaintiffs and the remaining allegations in Paragraph 2 of the Amended Complaint.

3.    With respect to the allegations in Paragraph 3 of the Amended Complaint, Defendants deny that the copyright registrations are valid and enforceable, deny that the zigzag channel pattern with inlay was designed in Santa Fe and deny all the remaining allegations in Paragraph 3.

4.    With respect to the allegations in Paragraph 4 of the Amended Complaint, Defendants admit only that Bella Jewelry, LLC is a retail jewelry store. Defendants deny all the other allegations in Paragraph 4 and demand strict proof thereof.

## PARTIES, VENUE, AND JURISDICTION

5. With respect to the allegations in Paragraph 5 of the Amended Complaint, Defendants admit that Plaintiff Goldworks is located on the Santa Fe Plaza in Santa Fe, New Mexico. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and so deny them.

6. With respect to the allegations in Paragraph 6 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, and on that basis deny the same.

7. In response to the allegations set forth in Paragraph 7 of the Amended Complaint, Defendants admit that Defendant Bella Jewelry, LLC is a New Mexico domestic limited liability company, incorporated in 2010. Defendants further admit that Bella Fine Jewelry and Art is located at 50 East San Francisco Street, Suite B, Santa Fe NM 87501. Defendants deny the remaining allegations in Paragraph 7.

8. With respect to the allegations of Paragraph 8 of the Amended Complaint, Defendants admit that Frank Amini resides in Arizona. Defendants deny the remaining allegations in Paragraph 8.

9. With respect to the allegations of Paragraph 9 of the Amended Complaint, Defendants admit that Kevin Karimi currently resides in New Mexico. Defendants deny the remaining allegations in Paragraph 9.

10. With respect to the allegations of Paragraph 10 of the Amended Complaint, Defendants deny that Amini Enterprises, Inc. (incorrectly identified in the caption as Amini Enterprise, Inc.) is a limited liability company, along with the remaining allegations contained in Paragraph 10.

11. With respect to the allegations of Paragraph 11 of the Amended Complaint, Defendants admit that Amini Brothers, LLC is a New Mexico limited liability company. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13. With respect to the allegations in Paragraph 13 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the same.

14. With respect to the allegations in Paragraph 14 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the same.

15. Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16. In response to Paragraph 16 of the Amended Complaint, the Answering Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required. To the extent a response in required, Defendants state that they do not contest this Court's jurisdiction.

17. In response to Paragraph 17 of the Amended Complaint, Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required. To the extent a response in required, Defendants state that the do not contest venue or personal jurisdiction.

**GENERAL ALLEGATIONS**

18. With respect to the allegations in Paragraph 18 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the same and demand strict proof thereof.

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

**The River of Love® Collection is Protected by Copyright**

22. Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint

24. Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint, and on that basis deny the same and demand strict proof thereof.

26. With respect to the allegations set forth in Paragraph 26 of the Amended Complaint, Defendants deny that the listed designs are Plaintiffs' original designs and the remaining allegations of Paragraph 26.

**Defendant Amini Opens Bella Fine Jewelry and Art**

27. Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

**Manic Enterprises LLC**

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint, and on that basis deny the same.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint, and on that basis deny the same and demand strict proof thereof.

41. Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42. In response to Paragraph 42 of the Amended Complaint, the Answering Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required. To the extent a response is required, Defendants assert that this lawsuit is barred by the statute of limitations.

## COUNT I

**COPYRIGHT INFRINGEMENT**
**against Bella Jewelry, LLC, Amini Enterprise Inc., Frank Amini, Kevin Karimi, and Manic Enterprises LLC, dba The Catalogues**

43. With respect to the allegations in Paragraph 43 of the Amended Complaint, Defendants restate and incorporate by reference their responses to all Paragraphs 1 through 42 of this Answer, as if fully set forth herein.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint, and on that basis deny the same and demand strict proof thereof.

45. With respect to the allegations set forth in Paragraph 45 of the Amended Complaint, Defendants state that the zig zag design with inlay is in the public domain and denies the remaining allegations in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. With respect to the allegations in Paragraph 47 of the Amended Complaint, Defendants assert that the designs are not protected, were in the public domain and deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

## COUNT II

**CONTRIBUTORY COPYRIGHT INFRINGEMENT
against Frank Amini, Kevin Karimi,
Amini Enterprise Inc., Amini Brothers, LLC, and Cindy DeNapoli**

57. With respect to the allegations in Paragraph 57 of the Amended Complaint Defendants restate and incorporate by reference their responses to paragraphs 1 through 56 of this Answer, as if fully set forth herein.

58. Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

## COUNT III

### VICARIOUS COPYRIGHT INFRINGEMENT
### against Frank Amini, Kevin Karimi,
### Amini Enterprise Inc., Amini Brothers, LLC, and Cindy DeNapoli

68. With respect to the allegations in Paragraph 68 of the Amended Complaint, Defendants restate and incorporate by reference their responses to all of the Paragraphs 1 through 67 of this Answer, as if fully set forth herein.

69. Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

76. To the extent that any allegations in the Amended Complaint have not specifically been admitted by Defendants, they are expressly denied.

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint, Defendants assert the following separate and additional defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release, laches, estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Defendants did not contribute to any copyright infringement by other persons or entities and may not be held liable for such infringement under any theory.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands in that Plaintiffs fraudulently obtained copyright registrations by knowingly failing to disclose pre-existing materials to the Copyright Office in its Copyright Registration Applications.

### SIXTH AFFIRMATIVE DEFENSE

If Defendants infringed any copyright interests allegedly held by Plaintiffs, which is denied, Defendants did so with innocent intent, were unaware of Plaintiffs' alleged copyright claims and/or that Defendants' products or conduct at issue allegedly infringed upon those purported copyrights.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because Plaintiffs have committed misuse of copyright(s) by using its purported copyright monopoly to improperly restrain trade and/or speech that is protected by the First Amendment to the U.S. Constitution, through an effort to prohibit Defendants from making legitimate use of public domain materials.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because Answering Defendants conduct is protected by the "Fair Use Doctrine."

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the allegedly infringing works were independently created.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because there is no substantial similarity between the alleged Copyrights and the allegedly infringing work(s).

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims are subject to the doctrine of comparative fault, other persons may have been at fault in regard to those claims, and Plaintiffs' recovery of damages against the Defendants is limited to the percentage of fault attributable to them.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of damages against the Defendants is barred in whole or in part because Plaintiffs have suffered no damages whatsoever from the acts of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by consent and acquiescence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by because they impliedly and expressly authorized the use of the alleged designs at issue, or, alternatively, has not properly or timely registered his alleged works.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they do not have a valid copyright in the works at issue, because the works are not original and are not copyrightable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the designs at issue were created by another party.

### COUNTERCLAIMS

Defendants Bella Jewelry, LLC, Frank Amini and Kevin Karimi ("Counterclaimants") hereby assert counterclaims against Plaintiffs Santa Fe Goldworks Inc. and Plaintiff David Griego ("Counter-Defendants"), based on information and belief, and alleges as follows:

### NATURE OF DISPUTE

These counterclaims are brought against Counter-Defendants David Griego and Santa Fe Goldworks Inc. for a judicial declaration of invalidity of their copyright registrations (set forth below) and a judicial declaration of non-infringement of Counter-Defendants alleged copyrights.

### JURISDICTION AND VENUE

1.  Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure for declarations of invalidity of copyright and non- infringement of copyright pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and principles of pendant jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400 because Counter-Defendants are subject to the Court's personal jurisdiction.

4. Counterclaimant Bella Jewelry, LLC is a limited liability company organized and existing under the laws of the State of New Mexico, having a principal place of business at 1415 Park Ave. SW, Albuquerque, New Mexico 87109.

5. Counterclaimant Frank Amini is a resident and citizen of the State of Arizona and Counterclaimant Kevin Karimi is a resident and citizen of the State of New Mexico.

6. Upon information and belief, Counter-Defendant Santa Fe Goldworks, Inc. is a domestic profit corporation organized and existing under the laws of the State of New Mexico, having its principal place of business at 60 East San Francisco Stret, Suite 218, Santa Fe, New Mexico, 87501.

7. Upon information and belief, Counter-Defendant David Griego is a resident and citizen of New Mexico and a director and president of Santa Fe Goldworks, Inc., a domestic profit corporation.

**FACTUAL BACKGROUND**

8. The works claimed in U.S. Copyright Registrations VAu000445670, VA0001703737, VA0001703738, VA0001703740, VA0001703746, VA0001703749, VA0001961506, and VA0002069785, identified as the "River of Love" design variations and described in Paragraphs 23 and 24 of the Amended Complaint in this action (the "Alleged Copyrights") are comprised of common representations of a simple "zig zag" pattern on a piece of jewelry that are not original to Counter-Defendants.

9. Upon information and belief, Counter-Defendants did not identify any pre- existing material in its application for copyright registration of the Alleged Copyright.

10. Counter-Defendants have asserted that Counterclaimants jewelry sales infringe upon Counter-Defendants alleged Copyrights.

11. Counterclaimants dispute that Counter-Defendants alleged Copyrights contain any copyrightable matter.

## COUNTERCLAIM I

### DECLARATION OF COPYRIGHT INVALIDITY

12. Counterclaimants incorporate by reference all of the foregoing paragraphs of the Answer and Counterclaims as if fully set forth herein.

13. Based upon the foregoing, an actual and justiciable controversy exists between Counter-Defendants and Counterclaimants as to the validity of the alleged Copyrights.

14. The "zig zag" pattern and design has been used repeatedly for centuries in connection with jewelry designs and predates Counter-Defendants alleged Copyrights.

15. The "zig zag" design was created and publicly distributed by others long prior to the creation of the work claimed in the alleged Copyrights.

16. The phrase "River of Love" is not original to Counter-Defendants, and pre- existed long before the creation of the work claimed in the alleged Copyrights.

17. The work claimed in the alleged Copyrights are common representations of pre-existing works.

18. Upon information and belief, Counter-Defendants had full knowledge that the work claimed in the alleged Copyrights were not original works of authorship, but notwithstanding this

knowledge, knowingly and willfully registered the alleged Copyrights with the U.S. Copyright Office.

19. The alleged Copyrights are not original works of authorship and therefore the alleged Copyrights are invalid.

20. The alleged Copyrights are invalid because the works claimed therein are not original, lack copyrightable subject matter, and/or contain works in the public domain.

21. The Copyright Registrations for the alleged Copyrights are invalid because they were obtained fraudulently in that Plaintiffs knowingly withheld the existence of preexisting materials from the U.S. Copyright Office.

22. Based upon the foregoing, the alleged Copyrights are invalid, void and of no force and effect.

23. Notwithstanding such invalidity, Counter-Defendants have asserted claims of infringement against Counterclaimants, which Counterclaimants dispute.

24. Accordingly, Counterclaimants are entitled to a judicial declaration that the Alleged Copyrights are invalid, void and/or unenforceable.

## COUNTERCLAIM II

### DECLARATION OF NON-INFRINGEMENT OF THE ALLEGED COPYRIGHT

25. Counterclaimants incorporate by reference all of the foregoing paragraphs of the Answer and Counterclaims as if fully set forth herein.

26. Any conduct by Counterclaimants that is allegedly infringing conduct was not willful, not malicious, not "knowing infringement", and/or was entirely innocent.

27. Counterclaimants are entitled to a declaration that they have not infringed upon the alleged Copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for judgment as follows:

A.  That Plaintiffs' Amended Complaint be dismissed with prejudice and that Plaintiffs take nothing from Answering Defendants/Counterclaimants by virtue of their Amended Complaint;

B.  That judgment be entered in favor of Defendants/ Counterclaimants, and against Plaintiffs;

C.  That this Court adjudge that U.S. Copyright Registration Nos. VAu000445670, VA0001703737, VA0001703738, VA0001703740, VA0001703746, VA0001703749, VA0001961506, and VA0002069785 are invalid, void and of no force and effect;

D.  That this Court adjudge that Defendants/Counterclaimants' alleged infringing conduct does not infringe Plaintiffs' alleged Copyrights;

E.  In the alternative, if the Court adjudges that Defendants/Counterclaimants' alleged conduct does in fact constitute infringement, that such conduct causing infringement is innocent;

F.  That Defendants/Counterclaimants be awarded cost of suit and reasonable attorneys' fees incurred herein;

G.  Defendants/Counterclaimants demand a jury trial with the maximum amount of jurors as permitted by law; and

H.  That Defendants/Counterclaimants be awarded such other and further relief as this Court may deem just and proper.

Respectfully Submitted:

CIVEROLO, GRALOW & HILL, P.A.

By: _____
    Megan Day Hill
    Lance D. Richards
    *Attorneys for Defendants/Counterclaimants*
    *Bella Jewelry, LLC, Frank Amini, Kevin*
    *Karimi and Defendants Amini Enterprises,*
    *Inc., improperly named as Amini Enterprise,*
    *Inc., Amini Brothers, LLC*
    P.O. Box 93940
    Albuquerque, NM 87199
    hillm@civerolo.com
    richardsl@civerolo.com
    Phone: (505) 842-8255

**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that a true copy of the foregoing was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on August 7 2024, which caused the following attorneys to be electronically served as follows:

Benjamin W. Allison
Billy Trabaudo
Rose Cowan
*Attorney for Plaintiffs*
Bardacke Allison Miller LLP
141 E. Palace Avenue, 2nd Floor
Santa Fe, NM 87501
ben@bardackeallison.com
billy@bardackeallison.com
Phone: (505) 995-8000

Thomas William Banner
*Attorney for Manic Enterprises, LLC d/b/a*
*The Catalogues and Cindy DeNapoli*
The Banner Firm, LLC
2100 Calle de La Vuelta, Unit E104
Santa Fe, NM 87505
Tom@thebennerfirm.com
Phone: (505) 428-0523

By: _____
    Megan Day Hill
    Lance D. Richards