**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANTA FE GOLDWORKS INC.;
and DAVID GRIEGO,

      Plaintiffs,

v.                                                              Case No. 1:23-CV-00602-KK-JMR

BELLA JEWELRY, LLC, d/b/a
BELLA FINE JEWELRY AND ART;
AMINI ENTERPRISE INC.;
AMINI BROTHERS, LLC, d/b/a
SFA ENTERPRISES; FRANK AMINI;
KEVIN AMINI; KEVIN KARIMI;
MANIC ENTERPRISES, LLC, d/b/a
THE CATALOGUES; and
CINDY DENAPOLI,

      Defendants.

<u>**ANSWER TO FIRST AMENDED COMPLAINT
AND
FIRST AMENDED COUNTERCLAIMS OF
DEFENDANT MANIC ENTERPRISES, LLC d/b/a THE CATALOGUES
AND
DEFENDANT CINDY DENAPOLI**</u>

Defendant Manic Enterprises, LLC, d/b/a The Catalogues and Defendant Cindy
DeNapoli (together, the "Catalogue Defendants"), through their undersigned attorney, hereby
answer that certain First Amended Complaint for Injunction and Damages filed herein on July
29, 2024, by Plaintiff Santa Fe Goldworks Inc. and Plaintiff David Griego (together,
"Plaintiffs"), and states as follows:

<u>**INTRODUCTION**</u>

1.     Catalogue Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint,

and on that basis deny the same.

2.      Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the First Amended Complaint, and on that basis deny the same.

3.      Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the First Amended Complaint, and on that basis deny the same.

4.      Catalogue Defendants admit that Defendant Manic Enterprises, LLC d/b/a The Catalogues has provided advertising services, but states that its April 2023 print edition was the final run of "The Catalogues." Catalogue Defendants deny all other allegations set forth in Paragraph 4 of the First Amended Complaint.

**PARTIES, VENUE, AND JURISDICTION**

5.      Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the First Amended Complaint, and on that basis deny the same.

6.      Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the First Amended Complaint, and on that basis deny the same.

7.      Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the First Amended Complaint, and on that basis deny the same.

8.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the First Amended Complaint, and on that basis deny the same.

9.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint, and on that basis deny the same.

10.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint, and on that basis deny the same.

11.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the First Amended Complaint, and on that basis deny the same.

12.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the First Amended Complaint, and on that basis deny the same.

13.    Catalogue Defendants admit that the entity known as Manic Enterprises, LLC is an extant entity under the laws of the State of Arizona; Catalogue Defendants deny that Manic Enterprises, LLC is a publishing company and further deny all other allegations set forth in Paragraph 13 of the First Amended Complaint.

14.    Catalogue Defendants admit that Cindy DeNapoli is a resident of the State of Arizona, but deny all other allegations set forth in Paragraph 14 of the First Amended Complaint.

15.    Catalogue Defendants deny the allegations set forth in Paragraph 15 of the First Amended Complaint.

16.    In response to Paragraph 16 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

17.    In response to Paragraph 17 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

## GENERAL ALLEGATIONS

18.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint, and on that basis deny the same.

19.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the First Amended Complaint, and on that basis deny the same.

20.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the First Amended Complaint, and on that basis deny the same.

21.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the First Amended Complaint, and on that basis deny the same.

22.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint, and on that basis deny the same.

23.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the First Amended Complaint, and on that basis deny the same.

24.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the First Amended Complaint, and on that basis deny the same.

25.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the First Amended Complaint, and on that basis deny the same.

26.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the First Amended Complaint, and on that basis deny the same.

27.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the First Amended Complaint, and on that basis deny the same.

28.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the First Amended Complaint, and on that basis deny the same.

29.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the First Amended Complaint, and on that basis deny the same.

30.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the First Amended Complaint, and on that basis deny the same.

31.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the First Amended Complaint, and on that basis deny the same.

32.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the First Amended Complaint, and on that basis deny the same.

33.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the First Amended Complaint, and on that basis deny the same.

34.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the First Amended Complaint, and on that basis deny the same.

35.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the First Amended Complaint, and on that basis deny the same.

36.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the First Amended Complaint, and on that basis deny the same.

37.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the First Amended Complaint, and on that basis deny the same.

38.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the First Amended Complaint, and on that basis deny the same.

39.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the First Amended Complaint, and on that basis deny the same.

40.    Catalogue Defendants admit that they received a communication from Plaintiffs in October 2014 demanding that the Catalogue Defendants refrain from publishing images of certain pieces of jewelry. To the extent that Plaintiffs allege in Paragraph 40 of the First Amended Complaint that the Catalogue Defendants "apologized," the Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of that specific allegation.

41.    Catalogue Defendants deny the allegations set forth in Paragraph 41 of the First Amended Complaint, and further state that they did not receive any correspondence from Plaintiffs on or about April 26, 2023.

42.     In response to Paragraph 42 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

## COUNT I

## COPYRIGHT INFRINGEMENT

43.     Catalogue Defendants restate and incorporate by reference their responses to all of the foregoing paragraphs of this Answer, as if fully set forth herein.

44.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the First Amended Complaint, and on that basis deny the same.

45.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the First Amended Complaint, and on that basis deny the same.

46.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the First Amended Complaint, and on that basis deny the same.

47.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the First Amended Complaint, and on that basis deny the same.

48.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the First Amended Complaint, and on that basis deny the same.

49.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the First Amended Complaint, and on that basis deny the same.

50.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the First Amended Complaint, and on that basis deny the same.

51.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the First Amended Complaint, and on that basis deny the same.

52.    In response to Paragraph 52 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

53.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the First Amended Complaint, and on that basis deny the same.

54.    Catalogue Defendants deny the allegations set forth in Paragraph 54 of the First Amended Complaint.

55.    In response to Paragraph 55 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

56.    In response to Paragraph 56 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

## COUNT II

### CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
*against Frank Amini, Kevin Karimi,*
*Amini Enterprise Inc., Amini Brothers, LLC, and Cindy DeNapoli*

57.    Catalogue Defendants restate and incorporate by reference their responses to all of the foregoing paragraphs of this Answer, as if fully set forth herein.

58.    Catalogue Defendants deny the allegations set forth in Paragraph 58 of the First Amended Complaint.

59.    Catalogue Defendants deny the allegations set forth in Paragraph 59 of the First Amended Complaint.

60.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the First Amended Complaint, and on that basis deny the same.

61.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the First Amended Complaint, and on that basis deny the same.

62.    Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the First Amended Complaint, and on that basis deny the same.

63.     Catalogue Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the First Amended Complaint, and on that basis deny the same.

64.     Catalogue Defendants admit that Cindy DeNapoli is listed as the President of Manic Enterprises, an Arizona limited liability company, which is no longer registered with the New Mexico Secretary of State as a foreign entity conducting business in this state. Catalogue Defendants deny the remaining allegations set forth in Paragraph 64 of the First Amended Complaint as they substantially posit conclusions of law.

65.     Catalogue Defendants deny the allegations set forth in Paragraph 65 of the First Amended Complaint.

66.     Catalogue Defendants deny the allegations set forth in Paragraph 66 of the First Amended Complaint.

67.     Catalogue Defendants deny the allegations set forth in Paragraph 67 of the First Amended Complaint.

## COUNT III
## Vicarious Copyright Infringement
*against Frank Amini, Kevin Karimi, Amini Brothers, LLC*
*and Cindy DeNapoli*

68.     Catalogue Defendants restate and incorporate by reference their responses to all of the foregoing paragraphs of this Answer, as if fully set forth herein.

69.     Catalogue Defendants deny the allegations set forth in Paragraph 69 of the First Amended Complaint to the extent that .

70.     In response to Paragraph 70 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

71.     In response to Paragraph 71 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

72.     In response to Paragraph 72 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

73.     In response to Paragraph 73 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

74.     In response to Paragraph 74 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

75.     In response to Paragraph 75 of the First Amended Complaint, the Catalogue Defendants state that the allegations set forth therein constitute conclusions of law to which no response is required, and otherwise deny the allegations contained therein.

76.     To the extent that any allegations in the Complaint have not specifically been admitted by Catalogue Defendants, they deny the same.

## **AFFIRMATIVE DEFENSES**

Further answering the First Amended Complaint, Catalogue Defendants assert the following separate and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release, laches, estoppel and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Catalogue Defendants did not contribute to any copyright infringement by other persons or entities and may not be held liable for such infringement under any theory.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands in that Plaintiffs fraudulently obtained copyright registrations by knowingly failing to disclose pre-existing materials to the Copyright Office in its Copyright Registration Applications.

## SIXTH AFFIRMATIVE DEFENSE

If Catalogue Defendants infringed any copyright interests allegedly held by Plaintiffs, Catalogue Defendants did so with innocent intent, were unaware of Plaintiffs' alleged copyright claims and/or that Catalogue Defendants' products or conduct at issue allegedly infringed upon those purported copyrights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because Plaintiffs have committed misuse of copyright(s) by using their purported copyright monopoly to improperly restrain trade and/or speech that is protected by the First Amendment to the U.S. Constitution, through an effort to prohibit Catalogue Defendants from making legitimate use of public domain materials.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because Catalogue Defendants' conduct is protected by the "Fair Use Doctrine" and/or the alleged infringement is de minimis such that no violation of copyright law occurred.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the allegedly infringing works were independently created.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because there is no substantial similarity between the Alleged Copyrights and the allegedly infringing work(s).

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims are subject to the doctrine of comparative fault, other persons may have been at fault in regard to those claims, and Plaintiffs' recovery of damages against the Catalogue Defendants is limited to the percentage of fault attributable to them.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of damages against the Catalogue Defendants is barred in whole or in part because Plaintiffs have suffered no damages whatsoever from the acts of the Catalogue Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by statutes of limitations.

## COUNTERCLAIMS

Defendant Manic Enterprises, LLC, d/b/a The Catalogues and Defendant Cindy DeNapoli ("Catalogue Counterclaimants") hereby assert counterclaims against Plaintiff Santa Fe Goldworks Inc. and Plaintiff David Griego ("Counterclaim-Defendants" and/or "SFG"), based on information and belief, and alleges as follows:

## NATURE OF DISPUTE

These counterclaims are brought against David Griego and SFG for a judicial declaration of invalidity of Counterclaim-Defendants' copyright registrations (set forth below) and a judicial declaration of non-infringement of Counterclaim-Defendants' alleged copyrights.

## JURISDICTION AND VENUE

1.      Catalogue Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure for declarations of invalidity of copyright and non-infringement of copyright pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and principles of pendant jurisdiction.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400 because Counterclaim-Defendants are subject to the court's personal jurisdiction.

4.      Counterclaimant Manic Enterprises, LLC is a limited liability company organized and existing under the laws of the State of Arizona, having a principal place of business at 11273 East Helm Drive, Scottsdale, Arizona, 85255.

5.      Catalogue Counterclaimant Cindy DeNapoli is a resident of the State of Arizona, and a member of Manic Enterprises, LLC.

6.      Upon information and belief, Counterclaim-Defendant Santa Fe Goldworks, Inc. is a domestic profit corporation organized and existing under the laws of the State of New Mexico, having its principal place of business at 60 East San Francisco Stret, Suite 218, Santa Fe, New Mexico, 87501.

7.      Upon information and belief, Counterclaim-Defendant David Griego is a resident of New Mexico and a director and president of Santa Fe Goldworks Inc.

**FACTUAL BACKGROUND**

8.      The works claimed in U.S. Copyright Registrations VAu000445670, VA0001703737, VA0001703738, VA0001703740, VA0001703746, VA0001703749, VA0001961506, and VA0002069785, identified as the "River of Love" design variations and described the First Amended Complaint (the "Alleged Copyrights") are comprised of common representations of a simple "zig zag" and other ubiquitous design features on a piece of jewelry that are not original to Counterclaim-Defendants.

9.      Upon information and belief, Counterclaim-Defendants did not identify any pre-existing material in its application for copyright registration of the Alleged Copyright.

10.     Counterclaim-Defendants have asserted that Counterclaimants advertising infringes upon Counterclaim-Defendants' Alleged Copyrights.

11.     Catalogue Counterclaimants dispute that Counterclaim-Defendants' Alleged Copyrights contain any copyrightable matter.

**COUNTERCLAIM I**

**<u>DECLARATION OF COPYRIGHT INVALIDITY</u>**

12.     Catalogue Counterclaimants incorporate by reference all of the foregoing paragraphs of the Answer and Counterclaims as if fully set forth herein.

13.     Based upon the foregoing, an actual and justiciable controversy exists between Counterclaim-Defendants and Catalogue Counterclaimants as to the validity of the Alleged Copyrights.

14.     The "zig zag" pattern and design has been used repeatedly for centuries in connection with jewelry designs and predates Counterclaim-Defendants' Alleged Copyright.

15.     The "zig zag" design was created and publicly distributed by others long prior to the creation of the work claimed in the Alleged Copyrights.

16.     The phrase "River of Love" is not original to Counterclaim-Defendants, and pre-existed long before the creation of the work claimed in the Alleged Copyrights.

17.     The work claimed in the Alleged Copyrights are common representations of pre-existing works.

18.     Upon information and belief, Counterclaim-Defendants had full knowledge that the work claimed in the Alleged Copyrights were not original works of authorship, but notwithstanding this knowledge, knowingly and willfully registered the Alleged Copyrights with the U.S. Copyright Office.

19.    The Alleged Copyrights are not original works of authorship and therefore the Alleged Copyrights are invalid.

20.    The Alleged Copyrights are invalid because the works claimed therein are not original, lack copyrightable subject matter, and/or contain works in the public domain.

21.    The Copyright Registrations for the Alleged Copyrights are invalid because they were obtained fraudulently in that Plaintiffs knowingly withheld the existence of preexisting materials from the U.S. Copyright Office.

22.    Based upon the foregoing, the Alleged Copyrights are invalid, void and of no force and effect.

23.    Notwithstanding such invalidity, Counterclaim-Defendants have asserted claims of infringement against Catalogue Counterclaimants, which Catalogue Counterclaimants dispute.

24.    Accordingly, Catalogue Counterclaimants are entitled to a judicial declaration that the Alleged Copyrights are invalid, void and/or unenforceable.

**COUNTERCLAIM II**

**DECLARATION OF NON-INFRINGEMENT OF THE ALLEGED COPYRIGHT**

25.    Catalogue Counterclaimants incorporate by reference all of the foregoing paragraphs of the Answer and Counterclaims as if fully set forth herein.

26.    Any conduct by Catalogue Counterclaimants that is allegedly infringing conduct was not willful, not malicious, not "knowing infringement", and/or was entirely innocent.

27.    Catalogue Counterclaimants are entitled to a declaration that they have not infringed upon the Alleged Copyrights.

**PRAYER FOR RELIEF**

WHEREFORE, Catalogue Defendants pray for judgment as follows:

A.      That Plaintiffs' First Amended Complaint be dismissed with prejudice and that Plaintiffs take nothing from Catalogue Defendants by virtue of its Complaint;

B.      That judgment be entered in favor of Catalogue Defendants, and against Plaintiffs;

C.      That this Court adjudge that U.S. Copyright Registration Nos. VAu000445670, VA0001703737,      VA0001703738,      VA0001703740,      VA0001703746,      VA0001703749, VA0001961506, and VA0002069785 are invalid, void and of no force and effect;

D.      That this Court adjudge that Catalogue Counterclaimants' alleged infringing conduct does not infringe Plaintiffs' Alleged Copyrights;

E.      In the alternative, if the Court adjudges that Catalogue Counterclaimants' alleged conduct does in fact constitute infringement, that such conduct causing infringement is innocent;

F.      That Catalogue Defendants and Catalogue Counterclaimants be awarded cost of suit and reasonable attorneys' fees incurred herein; and

G.      That Catalogue Defendants and Catalogue Counterclaimants be awarded such other and further relief as this Court may deem just and proper.

Dated: August 9, 2024

Respectfully submitted,

THE BANNER FIRM, LLC

By: /s/ Thomas W. Banner
Thomas W. Banner, Esq.
1512 Pacheco Street, Suite D203
Santa Fe, New Mexico 87505
Tel:    505-428-0523
Email: Tom@TheBannerFirm.com

Attorney for Manic Enterprises, LLC d/b/a
The Catalogues and Cindy DeNapoli

## JURY TRIAL DEMAND

Catalogue Defendants / Catalogue Counterclaimants Manic Enterprises, LLC b/d/a The

Catalogues and Cindy DeNapoli hereby demand a trial by jury of all issues so triable.

Dated: August 9, 2024

Respectfully submitted,

THE BANNER FIRM, LLC

By: /s/ Thomas W. Banner
Thomas W. Banner, Esq.
1512 Pacheco Street, Suite D203
Santa Fe, New Mexico 87505
Tel:    505-428-0523
Email: Tom@TheBannerFirm.com
Attorney for Manic Enterprises, LLC d/b/a
The Catalogues and Cindy DeNapoli

## CERTIFICATE OF SERVICE

I, Thomas W. Banner, hereby certify that I caused a true and correct copy of the

foregoing to be filed through the Court's CM/ECF system which caused all parties and counsel

entitled to receive notice to be served electronically as more fully described on the Notice of

Electronic Filing.

Dated: August 9, 2024

Respectfully submitted,

THE BANNER FIRM, LLC

By: /s/ Thomas W. Banner
Thomas W. Banner, Esq.
1512 Pacheco Street, Suite D203

Santa Fe, New Mexico 87505
Tel:    505-428-0523
Email: Tom@TheBannerFirm.com
**Attorney for Manic Enterprises, LLC d/b/a**
**The Catalogues and Cindy DeNapoli**