**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANTA FE GOLDWORKS, INC.,
*et al.*,

      Plaintiffs,

v.                                                                                    Civ. No. 23-602 KK/JMR

BELLA JEWELRY, LLC, *et al.*,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Plaintiffs' Motion to Dismiss Counterclaims of Bella Jewelry, LLC, Frank Amini, Kevin Karimi, Manic Enterprises, LLC, and Cindy DeNapoli (Doc. 57) ("Motion"), filed on August 28, 2024. In the Motion, Plaintiffs argue that Defendants' counterclaims for declaratory relief should be dismissed because they are duplicative, "mirror image" counterclaims that do nothing more than seek a declaration negating elements of Plaintiffs' claims, or alternatively, because Defendants have failed to state claims on which relief can be granted. (Doc. 57 at 2-3.) The Court, having considered the parties' submissions, the record, and the relevant law, finds that the Motion should be GRANTED IN PART and DENIED IN PART. The Court GRANTS the Motion insofar as it asks the Court to dismiss Defendants' counterclaims seeking declarations that: (1) Plaintiffs' copyrights are invalid because Plaintiffs knowingly included inaccurate information in their registration applications; and, (2) Defendants' infringement of Plaintiffs' copyrights, if any, was innocent. In all other respects, the Motion is DENIED.

## I.      BACKGROUND

In their first amended complaint, Plaintiffs Santa Fe Goldworks, Inc., and David Griego allege that Defendants Bella Jewelry, LLC, Frank Amini, Kevin Karimi, Amini Enterprise, Inc.,

Amini Brothers, LLC, Manic Enterprises, LLC, and Cindy DeNapoli are engaged in the marketing and sale of jewelry in various capacities. (*See* Doc. 46 at 2 (¶¶ 1-4).) Plaintiffs claim that in the course of these activities Defendants have infringed the eight registered copyrights protecting Plaintiffs' River of Light ("RoL") collection of rings, earrings, and pendants. (*See generally id.*)

Defendants[1] have filed counterclaims under the federal Declaratory Judgment Act, asking the Court to declare that (1) the copyrights on which Plaintiffs base their claims are "invalid, void, and/or unenforceable," ("Counterclaim I"), and (2) they have not infringed Plaintiffs' claimed copyrights ("Counterclaim II"). (Doc. 54 at 15-16; Doc. 55 at 17-18.) Defendants allege that the works in Plaintiffs' eight copyright registrations "are comprised of common representations of a simple 'zig zag' pattern on a piece of jewelry that are not original to [Plaintiffs]." (Doc. 54 at 14 (¶ 8); Doc. 55 at 16 (¶ 8).) They allege that the "zig zag" pattern "has been used repeatedly for centuries in connection with jewelry designs" and "was created and publicly distributed by others long prior to the creation of the work claimed in the Alleged Copyrights." (Doc. 54 at 15 (¶¶ 14, 15), Doc. 55 at 17 (¶¶ 14, 15).) They further allege that:  (1) "[t]he phrase 'River of Love' is not original to [Plaintiffs]"; (2) "[t]he work claimed in the alleged Copyrights are common representations of pre-existing works"; (3) Plaintiffs "had full knowledge that the work claimed in the alleged Copyrights were not original works of authorship, but notwithstanding this knowledge, knowingly and willfully registered the alleged Copyrights with the U.S. Copyright Office"; and, (4) Plaintiffs "did not identify any pre-existing material in [their] application for copyright registration of the Alleged Copyright[s]." (Doc. 54 at 15-16 (¶¶ 9, 16-18); Doc. 55 at 16-17 (¶¶ 9, 16-18).)

---

[1] Defendants Amini Enterprise, Inc. and Amini Brothers, LLC, have not filed counterclaims against Plaintiffs. (Doc. 54 at 2, 13; Doc. 55 at 1, 15.) For ease of reference, however, the Court will refer to the parties asserting counterclaims as "Defendants" in this Memorandum Opinion and Order.

In the present Motion, Plaintiffs ask the Court to dismiss both of Defendants'
counterclaims. (Doc. 57.)

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), federal district courts may dismiss a claim
for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In
determining whether a counterclaim should be dismissed pursuant to Rule 12(b)(6), courts apply
the same standards they would apply in considering a motion to dismiss a complaint for failure to
state a claim. *Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp.3d 1257, 1265 (D.
Kan. 2019). To survive a motion to dismiss under this rule, a counterclaim must contain "sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In
determining whether a counterclaim states a plausible claim to relief, courts "accept as true all
well-pleaded factual allegations." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013)
(quotation marks omitted). However, "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Federal courts have the authority to "declare the rights and other legal relations of any
interested party seeking such declaration" when there is "a case of actual controversy within its
jurisdiction." 28 U.S.C. § 2201(a). "[E]ven where a constitutionally cognizable controversy exists,
the [Declaratory Judgment] Act stipulates only that district courts 'may'—not 'must'—make a
declaration on the merits of that controversy; accordingly, [the Tenth Circuit has] held that district
courts are entitled to consider a number of case-specific factors in deciding whether or not to

exercise their statutory declaratory judgment authority." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). Specifically, courts should weigh the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata* ; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). A district court's weighing of "the various fact-intensive and highly discretionary factors involved" in determining whether to hear a declaratory judgment action will not be overturned absent an abuse of discretion. *Id.*

## III.    ANALYSIS

Plaintiffs argue that the Court should dismiss Defendants' counterclaims because they "seek nothing more than to negate elements of [Plaintiffs'] copyright infringement claim[s]," rendering them "mirror image counterclaims" that courts "routinely dismiss." (Doc. 57 at 2.) Plaintiffs alternatively argue that the Court should dismiss Counterclaim I because Defendants have alleged no specific facts to support it, thus failing to meet the "plausibility standard that governs all claims." (*Id.* at 3.) Plaintiffs alternatively argue that the Court should dismiss Counterclaim II, in turn, because it seeks a declaratory judgment of "innocent infringement," which other courts have held is not a proper subject for declaratory relief. (*Id.* at 9-10.) The Court first considers Plaintiffs' arguments with respect to Counterclaim I, then turns to Counterclaim II.

### A. Counterclaim I: Declaration of Copyright Invalidity

In Counterclaim I, Defendants ask the Court to declare that Plaintiffs' copyrights are invalid. (Doc. 54 at 15-16; Doc. 55 at 17-18.) Plaintiffs contend that Counterclaim I is a "mirror image" counterclaim and should be dismissed because it merely seeks to negate an element of

Plaintiffs' infringement claims. (Doc. 57 at 4-5.) Alternatively, Plaintiffs argue that Counterclaim I should be dismissed because Defendants have not alleged sufficient facts to state a plausible claim for relief. (*Id.* at 7-9.)

    **1. Counterclaim I is not a "mirror image" counterclaim.**

Plaintiffs argue that Counterclaim I is "the definition of a mirror image counterclaim" because it does nothing more than ask the Court to declare that Plaintiffs have not satisfied the first element of their infringement claims, *i.e.*, ownership of valid copyrights. (*Id.* at 5); *see Feist Publications, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). Defendants counter that they are not merely asking the Court to find that Plaintiffs have failed to prove an element of their claim but rather are seeking an affirmative judicial declaration that the copyrights Plaintiffs hold are invalid as a matter of law. (Doc. 59 at 11; Doc. 61 at 5.) The Court agrees with Defendants that Counterclaim I is not a "mirror image" of Plaintiffs' claims and is not subject to dismissal on that basis.

"A mirror image counterclaim is generally the *exact opposite* of the original claim *with no added nuances*." *Canon U.S.A., Inc. v. F & E Trading, LLC*, 2:15-cv-6015 (DRH)(AYS), 2017 WL 4357339, at * 10 (E.D.N.Y. Sept. 29, 2017) (emphases added). "However, a counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim." *Prograde Ammo Grp. LLC v. Perry*, No. 14-cv-00884-PAB-MEH, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015) (quotation marks and citation omitted). While some courts have concluded that "a counterclaim for declaratory judgment involving the same transaction as plaintiff's claim is wholly redundant and does not serve any useful purpose," such a conclusion "has not been widely accepted …

because it ignores the possibility that it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1406 (3d ed. 2024). Moreover, in cases involving claims of infringement of intellectual property rights in particular, it is well recognized and accepted that the issue of the validity of the claimed right "may be raised by a counterclaim" for declaratory judgment. *Altvater v. Freeman*, 319 U.S. 359, 363 (1943); *see* Wright & Miller, Federal Practice & Procedure § 1406 (noting that "in the field of patent litigation the federal courts almost unanimously have held that when plaintiff's claim is for patent infringement, defendant may counterclaim for declaration of the invalidity or noninfringement of the patent").

While it is true that Plaintiffs must establish the validity of their copyrights to prove their infringement claims, and this validity is also squarely at issue in Counterclaim I, that does not necessarily mean that Counterclaim I is the "mirror image" of Plaintiffs' infringement claims. The only claims Plaintiffs bring in their first amended complaint are copyright infringement claims. (*See* Doc. 46 at 13-17.) They have *not* sought a declaratory judgment that any of the eight copyrights they hold are valid. In Counterclaim I, in contrast, Defendants do challenge the validity of the copyrights and seek a declaratory ruling that the copyrights are invalid, something that is separate and apart from the parties' dispute over whether Defendants have infringed on Plaintiffs' copyrights. Plainly, then, Counterclaim I does not allege "the exact opposite" of Plaintiffs' original claims. *Cf. Altvater*, 319 U.S. at 363 (explaining that "[t]hough the decision on non-infringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity"); *Branch-Roper v. Safeco Ins. Co. of Am.*, Case No. 23-CV-280-RAW-DES, 2024 WL 2932585, at *1-2 (May 7, 2024) (denying plaintiff's motion to dismiss defendant's declaratory

judgment counterclaim, which the court explained "is not a 'mirror image' counterclaim because [the p]laintiff did not seek declaratory relief in her underlying [p]etition").

Notably, resolution of Plaintiffs' copyright infringement claims will not necessarily reach, much less resolve, the question presented in Counterclaim I or provide the relief Defendants seek in bringing that claim. As Defendants point out, if Plaintiffs voluntarily dismiss their infringement claims, the question of whether Plaintiffs hold valid copyrights will remain unadjudicated unless Defendants are allowed to maintain Counterclaim I. Moreover, as other courts have recognized in refusing to dismiss similar counterclaims at an early stage of the proceedings, in intellectual property cases involving claims of infringement "a court may find a defendant has no liability for infringement without adjudicating the validity of the underlying intellectual property." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at * 4 (N.D. Cal. May 13, 2008) (quotation marks and citation omitted); *see Corinna Warm & Studio Warm LLC v. Innermost Ltd.*, Case No. CV 21-4402-MWF (SHKx), 2022 WL 1585753, at *2 (C.D. Cal. Apr. 6, 2022) (agreeing with defendants that "it seems entirely possible that a victory for [the d]efendants on [the p]laintiffs' charge of infringement will not result in complete determination of the rights and obligations surrounding the disputed copyrights," and refusing to dismiss defendants' declaratory judgment counterclaim).

Numerous courts have applied the holding in *Altvater*—a case involving patent infringement—to cases involving copyright infringement claims and have refused to dismiss counterclaims seeking a declaratory judgment that a copyright is invalid. *See, e.g.*, *Mattsson v. Pat McGrath Cosmetics LLC*, Civil Action No.: 21 Civ. 5187 (JSR) (SLC), 2022 WL 21778342, at *11 (S.D.N.Y. Jul. 11, 2022) (denying plaintiff's motion to dismiss defendant's counterclaim for declaratory judgment that plaintiff's copyright registration was invalid); *Corinna Warm & Studio*

*Warm LLC*, 2022 WL 1585753, at *2-3 (same); *Thomas Home Corp. v Reve Dev. Corp.*, Case No. 3:04-cv-342-RV/MD, 2005 WL 8164951, at *2-3 (N.D. Fla. Mar. 18, 2005) (same). As one court explained, "[o]ne rationale behind allowing a counterclaim regarding the validity of the copyright is that a holding of noninfringement may not necessarily determine whether the copyright or patent meets the statutory requirements for validity, and in many situations it is important for the defendant to be able to obtain a declaration of the copyright's status." *Thomas Home Corp.*, 2005 WL 8164951, at *3.

Here, Counterclaim I presents an independent controversy separate and apart from the parties' dispute over whether Defendants have infringed on Plaintiffs' copyrights: whether Plaintiffs' copyrights are valid in the first place. Because that controversy may remain unresolved even if Plaintiffs' claims are dismissed (voluntarily or involuntarily), and because Counterclaim I will serve the useful purpose of ensuring the controversy is adjudicated if Plaintiffs' claims fail to do so, Counterclaim I is not a "mirror image" counterclaim and should not be dismissed as merely duplicative of Plaintiffs' infringement claims.

### 2. Counterclaim I plausibly alleges that Plaintiffs' copyrights are invalid on a theory of non-originality, but not on a theory that Plaintiffs knowingly included inaccurate information in their registration applications.

Alternatively, Plaintiffs argue that Counterclaim I fails to state a claim on which relief can be granted because Defendants have failed to allege sufficient facts to support their request for a declaratory judgment that the copyrights are invalid. (Doc. 57 at 7-9.) Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the [opposing party] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. This pleading standard "does not require detailed factual allegations," but it does demand "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).

The burden to plead, and ultimately prove, a claim seeking to invalidate a copyright "varies depending on the issue bearing on the validity of the copyright." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3d Cir. 1990). "Where, for example, the issue is whether the copyrighted article is 'original,' the presumption [of validity of a copyright registration] will not be overcome unless the defendant offers proof that the plaintiff's product was copied from other works or similarly probative evidence as to originality." *Id.* Where the issue is whether a copyright registration is invalid because of inaccurate information in a registration application, in turn, the party challenging the validity of the registration must show that the applicant knowingly included the inaccurate information in its application. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181-82 (2022) (explaining that the Copyright Act contains a "safe harbor" provision that protects registrations containing inaccurate information from invalidation, "as long as the copyright holder lacked 'knowledge that it was inaccurate'") (quoting 17 U.S.C. § 411(b)(1)(A))); *cf. Oliver v. Meow Wolf, Inc.*, Civ. No. 20-237 KK/SCY, 2022 WL 3682936, at *3- (D.N.M. Aug. 25, 2022) (where defendant challenged validity of copyright registration at issue, granting defendant's motion to refer question to Register of Copyrights under 17 U.S.C. § 411(b)(2) where defendant demonstrated that plaintiff knowingly included inaccurate information in registration application). At the pleading stage, however, all that is required to survive a motion to dismiss directed to a counterclaim for declaratory judgment seeking a declaration that a copyright is invalid are sufficient factual allegations that "allow the court to draw

the reasonable inference that [the plaintiff's] copyright is invalid." *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307, 2019 WL 78986, at *3 (S.D.N.Y. Jan. 2, 2019) (brackets, quotation marks, and citation omitted).

Plaintiffs argue that Counterclaim I fails to plausibly allege that Plaintiffs' copyrights are invalid because Defendants "do not and cannot allege that [P]laintiffs copied any element of the copyrighted works" and because Defendants "plead no facts whatsoever" to support their claim that "[P]laintiffs knowingly submitted false information to the Copyright Office." (Doc. 57 at 8-9.) As explained below, the Court agrees as to the second point, but not the first.

Regarding Defendants' theory of invalidation based on the alleged non-originality of the registered works, Defendants have alleged that the works "are comprised of common representations of a simple 'zig zag' pattern on a piece of jewelry that are not original to [Plaintiffs]." (Doc. 54 at 14 (¶ 8); Doc. 55 at 16 (¶ 8).) They further allege that the "'zig zag' pattern and design has been used repeatedly for centuries in connection with jewelry design and predates [Plaintiffs'] alleged Copyrights" and that the "'zig zag' design was created and publicly distributed by others long prior to the creation of the work claimed in the alleged Copyrights." (Doc. 54 at 15 (¶¶ 14, 15); Doc. 55 at 17 (¶¶ 14, 15).) Finally, they allege that "[t]he work claimed in the alleged Copyrights are common representations of pre-existing works." (Doc. 54 at 15 (¶ 17); Doc. 55 at 17 (¶ 17).) Taken as true and construed in the light most favorable to Defendants, these factual allegations allow the Court to draw the reasonable inference that Plaintiffs' copyrights are invalid because the registered works are not copyrightable, either because they are not sufficiently original to merit copyright protection or because common designs, such as zig-zags, are not subject to copyright. *See* 17 U.S.C. § 102(a) (providing that copyright protection subsists only in "*original* works of authorship fixed in any tangible medium of expression" (emphasis added)); *Feist*

*Publications,* 499 U.S. at 345 (explaining that "[t]he *sine qua non* of copyright is originality" and "[t]o qualify for copyright protection, a work must be original to the author"); 37 C.F.R. § 202.1(a) (providing that certain works and materials, including "familiar symbols or designs," are "not subject to copyright").

Plaintiffs acknowledge Defendants' allegations regarding the "zig zag" pattern but contend that those allegations are "vague," "conclusory," and insufficient to support Counterclaim I because Defendants "do not allege a single use of a similar 'zig zag' pattern anywhere." (Doc. 57 at 7.) But Plaintiffs do not cite to any authority requiring a party to identify, in a pleading alleging non-originality, a specific use of a similar pattern or design to survive a motion to dismiss, particularly when the pattern or design is plausibly alleged to have been ubiquitous. And although Plaintiffs deny that they are advocating for a heightened pleading standard in this copyright case, functionally, the test Plaintiffs ask the Court to apply would demand more of Defendants than Rule 8 requires. (Doc. 65 at 9 n.2); *see Iqbal*, 556 U.S. at 678 (providing that Rule 8 pleading standard "does not require detailed factual allegations").

Plaintiffs also argue that Defendants' allegations regarding the ubiquity of the "zig zag" design are "irrelevant" because "originality" in the context of copyright does not require "novelty." (Doc. 57 at 7-8.) In support, they cite to *Feist Publications*, in which the Supreme Court indeed noted that "[o]riginality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." 499 U.S. at 345. According to Plaintiffs, Counterclaim I fails to state a claim because it does not plausibly allege that any similarity between Plaintiffs' designs and prior works is due to copying. (Doc. 57 at 7-8.)

However, Plaintiffs' argument on this point goes to the merits of Defendants' counterclaims and is therefore premature. Certainly, Plaintiffs are correct that "*in the absence of any evidence linking the creation of [P]laintiffs' [d]esign to the public domain*" or preexisting designs, "[D]efendants' argument that [P]laintiffs' design lacks originality" will ultimately be "untenable." (Doc. 65 at 8-9 (quoting *Van Cleef & Arpels Logistics, S.A. v. Jewelry,* 547 F. Supp. 2d 356, 364 (S.D.N.Y.)*, adhered to on reconsideration sub nom. Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 583 F. Supp. 2d 461 (S.D.N.Y. 2008)) (emphasis added) (brackets and quotation marks omitted).) But *Van Cleef* addressed cross-motions for summary judgment, 547 F. Supp. 2d at 357, whereas the Motion presently before the Court is a motion to dismiss. And as noted above, to survive a motion to dismiss, all that is required of a party's pleading is that it include sufficient factual allegations to support the reasonable inference that the party is entitled to relief on the claims asserted therein. *Iqbal*, 556 U.S. at 678. There is no requirement that the party must also produce supportive evidence.

Here, Defendants have alleged sufficient facts to support the reasonable inferences that Plaintiffs are not the original authors of the "zig zag" designs they copyrighted, Plaintiffs copied the designs from a long line of preexisting, publicly distributed works, and the copyrighted designs comprise or include noncopyrightable subject matter. (Doc. 54 at 14-20 (¶¶ 8, 11, 14-20); Doc. 55 at 16-18 (¶¶ 8, 11, 14-20).) Whether Defendants will ultimately be able to prove these allegations is a question that must await a later stage in these proceedings. At this juncture, the question is simply whether Defendants have made "sufficiently plausible allegations to justify the creation of an evidentiary record on the question of originality in the first place." *MMS Trading Co. Pty Ltd.*, 2021 WL 1193947, at * 6 (alterations, quotation marks, and citation omitted). For the reasons explained above, the Court finds that they have.

However, the same cannot be said for Counterclaim I's alternative theory of invalidation, *i.e.*, that Plaintiffs knowingly included inaccurate information in their applications for copyright registration in violation of 17 U.S.C. § 411. (*See* Doc. 54 at 15-16 (¶¶ 9, 18); Doc. 55 at 16-17 (¶¶ 9, 18).) Copyright registration is generally a prerequisite for bringing a copyright infringement action. 17 U.S.C. § 411(a); *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 181 (2022). "To obtain registration, the author of a work must submit to the Register of Copyrights a copy of the work and an application." *Unicolors*, 595 U.S. at 181. Importantly, some of the information to be included on the application "is purely factual, but some of it incorporates legal conclusions." *Id.* "If the Register determines that the work is copyrightable and meets other statutory requirements" based on the application, "she will issue a certificate of registration." *Id.*

Section 411(b)(1) provides a "safe harbor" for authors who inadvertently include inaccurate information on a registration application. *Id.* Specifically, under this provision,

> [a] certificate of registration satisfies the requirements of this section … , regardless of whether the certificate contains any inaccurate information, unless—(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b)(1). Here, as in *Unicolors*, "[t]he important point … is that a certificate of registration is valid even though it contains inaccurate information, as long as the copyright holder lacked 'knowledge that it was inaccurate.'" 595 U.S. at 182.

In *Unicolors*, the Supreme Court clarified that the term "knowledge" as used in Section 411(b)(1) "means actual, subjective awareness of both the facts and the law." *Id.* at 185. In other words, either a mistake of fact or a mistake of law will excuse the inclusion of inaccurate information on a registration application for purposes of Section 411. *Id.* at 185-86. Of course, "courts need not automatically accept a copyright holder's claim that it was unaware of the relevant

legal requirements of copyright law." *Id.* at 187. Rather, "willful blindness may support a finding

of actual knowledge," as may "[c]ircumstantial evidence, including the significance of the legal

error, the complexity of the relevant rule, the applicant's experience with copyright law, and other

such matters." *Id.* Nevertheless, read together, *Iqbal* and *Unicolors* make clear that a party seeking

to invalidate a copyright registration based on the inclusion of inaccurate information in the

registration application must allege sufficient facts to support the reasonable inference that the

applicant was actually and subjectively aware of both the facts and the law that made the at-issue

information inaccurate.

In Counterclaim I, however, Defendants have failed to include sufficient factual allegations

to support the reasonable inference that Plaintiffs were actually and subjectively aware of the facts

and the law that made the information they included in their registration applications inaccurate.

Defendants' allegations regarding Plaintiffs' knowledge of the claimed inaccuracies in their

applications are nothing more than "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; (*see* Doc. 54 at 15-16 (¶¶ 18,

21); Doc. 55 at 17-18 (¶¶ 18, 21).) Perhaps most notably, Counterclaim I is wholly devoid of any

factual allegations to support the inference that Plaintiffs were actually and subjectively aware of

the legal requirements that rendered their applications inaccurate. Thus, Defendants have not

plausibly alleged that Plaintiffs' registrations are subject to invalidation under Section 411(b)(1).

For all of the foregoing reasons, the Court finds that Counterclaim I states a claim for

copyright invalidation based on the theory that the allegedly protected works are not original, and,

to the extent the counterclaim is based on that theory, it is not subject to dismissal at this time.

However, Defendants have failed to plausibly allege that Plaintiffs' copyrights are invalid because

Plaintiffs knowingly included inaccurate information in their registration applications, and

Defendants' claim for copyright invalidation based on that theory will be dismissed without prejudice to Defendants' ability to file a properly supported motion for leave to amend within 45 days of issuance of this Memorandum Opinion and Order. *See generally* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely … when justice so requires"); *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (listing grounds on which district court may deny leave to amend).

### B. Counterclaim II: Declaration of Non-Infringement

In Counterclaim II, Defendants seek a declaratory ruling that "they have not infringed upon the alleged Copyrights." (Doc. 54 at 15 (¶ 27); Doc. 55 at 18 (¶ 27).) Plaintiffs first argue, as they did with respect to Counterclaim I, that Counterclaim II is a "mirror image" counterclaim that should be dismissed because it is redundant of Plaintiffs' copyright infringement claims. (Doc. 57 at 5-6.) Alternatively, Plaintiffs argue that Counterclaim II, which they construe as a counterclaim for "innocent infringement" for purposes of this argument, should be dismissed because such a counterclaim "is not a counterclaim" at all. (Doc. 57 at 9-10.) The Court addresses these arguments in turn.

#### 1. Counterclaim II serves a useful and peculiarly important purpose and thus will not be dismissed.

Plaintiffs argue that the Court should dismiss Counterclaim II because "the issue whether [D]efendants did or did not infringe is already squarely at issue in [Plaintiffs'] claims." (Doc. 57 at 6.) According to Plaintiffs, "[D]efendants' counterclaims seek nothing more than what will be resolved when the Court decides [P]laintiffs' copyright infringement claims," and therefore, Defendants "will not be prejudiced by the dismissal of their counterclaims as each of [D]efendants' counterclaims is also raised as an affirmative defense." (Doc. 57 at 4 & n.3.) In response, Defendants argue that Plaintiffs "may withdraw [their] claim for copyright infringement at any time" and that Defendants must therefore be allowed to maintain Counterclaim II for two reasons:

first, to ensure that the Court reaches the merits of the infringement question; and second, to preserve their ability to recover attorney's fees should they ultimately prevail. (Doc. 59 at 9-10.) For the reasons that follow, the Court agrees with Defendants that Counterclaim II should not be dismissed as a "mirror image" counterclaim at this time.

Counterclaims for declaratory relief are a well-established and approved means of seeking resolution of a controversy in a pending case. *See* 6 Wright & Miller, Federal Practice & Procedure § 1406 ("Whenever an actual controversy exists between the parties and the circumstances indicate that declaratory relief may be an appropriate method for the settlement of the conflict, a counterclaim or a crossclaim for a declaratory judgment will be permitted."). That a counterclaim for declaratory relief may be "redundant"—meaning it "brings into question issues that have already been presented in the plaintiff's complaint and defendant's answer to the original claim"—is not necessarily grounds for dismissal, but rather presents a question of whether the court should exercise its discretion to hear the claim. *See id.* ("When the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, … a party might challenge the counterclaim on the ground that it is redundant" and argue that "the court should exercise its discretion to dismiss it."); *see also* 28 U.S.C. § 2201(a) (providing that "[i]n a case of actual controversy within its jurisdiction," federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought") (emphasis added). As Plaintiffs recognize, courts deciding whether to exercise their discretionary authority to hear a declaratory judgment counterclaim "'focus on whether the counterclaims serve any useful purpose.'" (Doc. 65 at 3 (quoting *Pettrey v. Enter. Title Agency, LP*, No. 1:05-cv-1504, 2006 WL 3342633, *3 (N.D. Ohio Nov. 17, 2006))); *cf. Mhoon*, 31 F.3d at 983 (providing that one of the factors courts should

weigh in deciding whether to hear a declaratory judgment claim is "whether it would serve a useful purpose in clarifying the legal relations at issue").

In the context of copyright cases, it must be remembered that

[t]he primary objective of copyright is not to reward the labor of authors, but to promote the Progress of Science and useful Arts. To this end, copyright assures authors their right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.

*Feist Publications,* 499 U.S. at 349-50 (quotation marks, brackets, and citations omitted). And

[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

Courts that have declined to dismiss counterclaims seeking a declaration of non-infringement in copyright cases recognize that it is not necessarily a foregone conclusion that the plaintiff's infringement claims will be adjudicated on the merits, as copyright plaintiffs may choose to voluntarily dismiss their claims under Federal Rule of Civil Procedure 41(a)(2); in such cases, a counterclaim seeking a declaration of non-infringement serves the useful and "peculiarly important" purpose of allowing the defendant to fully litigate its defenses and secure a final judgment on the merits. *Fogerty*, 510 U.S. at 527; *see Malibu Media, LLC v. Khan*, Case No. 18 C 3028, 2019 WL 1382082, at *1-2 (N.D. Ill. Mar. 27, 2019) (noting that plaintiff could "voluntarily dismiss the [copyright infringement] action before the [c]ourt reaches a final judgment" and that "[i]n allowing the counterclaim to proceed, … [the defendant] can still pursue a final judgment"); *Malibu Media, LLC v. Mullins*, No. 18 C 6447, 2020 WL 6576777, at *1 (N.D. Ill. May 26, 2020) (noting that court had previously denied plaintiff's motion to dismiss defendant's counterclaim for

17

declaration of noninfringement, even though plaintiff had dismissed its own infringement claim, because "a justiciable controversy still existed" where the plaintiff "had not admitted noninfringement and [the defendant] was entitled to attempt to clear his name").

Here, the Court agrees with Defendants that Counterclaim II should not be dismissed because, at least at this time, the Court cannot be certain that the adjudication of Plaintiffs' claims will moot Defendants' request for a declaration of non-infringement. *See* 6 Wright & Miller, Federal Practice & Procedure § 1406 ("[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."). As Defendants point out, there is no guarantee that Plaintiffs' infringement claims will be fully adjudicated on the merits, because Plaintiffs may seek to voluntarily dismiss some or all of their claims without conceding that Defendants did not infringe their copyrights. (Doc. 59 at 9); *see Strike 3 Holdings, LLC v. Doe*, C17-1731 TSZ, 2020 WL 531996, at *4 (W.D. Wash. Feb. 3, 2020) (explaining that plaintiff's dismissal of its copyright infringement claim "did not render moot John Doe's request for declaratory relief" where dismissal was without prejudice and did not, for example, include covenant not to sue). And while it is true that a voluntary dismissal under Rule 41(a)(2) is only available "by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), it would be speculative for the Court to try to predict how it might apply Rule 41(a)(2) in this case, or, more broadly, whether the resolution of Plaintiffs' infringement claims in Defendants' favor would necessarily provide the relief that Defendants seek, *i.e.*, an affirmative, binding declaration that they have not infringed any of Plaintiffs' copyrights.

Although Plaintiffs acknowledge that other courts have refused to dismiss similar non-infringement counterclaims, they argue that those cases are distinguishable and present a "special

situation" because they dealt with alleged infringement of copyrighted pornographic material. (Doc. 65 at 7.) However, Plaintiffs cite—and the Court is aware of—no authority supporting the proposition that courts should only exercise their discretion to allow declaratory judgment counterclaims for non-infringement in copyright cases when such cases concern pornographic material.[2] For the foregoing reasons, this Court, like other courts that have considered similar requests to dismiss counterclaims, concludes that the safer course at this juncture is to deny Plaintiffs' request for dismissal of Counterclaim II on the basis that it is redundant.

### 2. To the extent Counterclaim II asserts a counterclaim for "innocent infringement," the claim should be dismissed.

In the alternative, Plaintiffs argue that the Court should dismiss Counterclaim II because it fails to state a proper counterclaim. (Doc. 57 at 9.) According to Plaintiffs, by seeking a declaratory judgment that any infringement they may have committed was "innocent," Defendants are merely requesting "a declaration concerning a reduction in damages, which is a defense, not a counterclaim." (*Id.*) In support, Plaintiffs cite to two cases—*Langley v. CanaDream Corp.*, No. 18-cv-1601-WJM-KLM, 2019 WL 3302167 (D. Colo. Jul. 23, 2019), and *Westwood v. Brott*, No. 22-cv-03374-CRB, 2022 WL 17418975 (N.D. Cal. Dec. 5, 2022).

In *Langley*, the defendant pleaded a counterclaim for "Declaratory Judgment of Innocent Infringement." 2019 WL 3302167, at *5. In support of its counterclaim, the defendant alleged various facts to support its claim that it was not aware and had no reason to believe that its acts

---

[2] Notably, while it is true that the cases Defendants cite involved infringement claims related to pornographic material, that fact was not dispositive of whether to dismiss the respective non-infringement counterclaims. *See Doe*, 2016 WL 3383758, at *3; *Khan*, 2019 WL 1382082, at *2. The courts in both *Doe* and *Khan* were principally concerned with the "significant" damages exposure that copyright defendants face and how that exposure may result in a defendant feeling pressured to settle, "even in a meritless case." *Doe*, 2016 WL 3383758, at *3; *Khan*, 2019 WL 1382082, at *2. Although both courts referenced the "taboo" and "potentially embarrassing" nature of the copyrighted materials that were allegedly infringed in discussing why they would not dismiss the non-infringement counterclaims, in neither case was "allow[ing] defendants accused of downloading pornography to assert counterclaims to clear their reputations" what drove the court's decision to deny dismissal, as Plaintiffs suggest.

constituted infringement. *See id.* Describing "innocent infringement" as "an affirmative defense" and stating that "to plead it as a counterclaim is to necessarily admit infringement," the court questioned "whether [the defendant] has pleaded anything that is properly framed as a counterclaim." *Id.* at *6. Nevertheless, the court denied the plaintiff's request to dismiss the counterclaim because the plaintiff had failed to make that argument or any others that supported dismissal under Rule 12(b)(6). *Id.*

In *Westwood*, in turn, the defendant pleaded multiple counterclaims, including both non-infringement and innocent infringement. 2022 WL 17418975, at *2. The plaintiff moved to dismiss the innocent infringement counterclaim, but not the non-infringement counterclaim. *See id.* at *3 n.2. The court granted dismissal of the counterclaim for innocent infringement, explaining that "[w]hether copyright infringement was committed 'willfully' is a question of damages, not liability," and concluding that a counterclaim for innocent infringement "serves no useful purpose." *Id.* at *4.

Here, Defendants have styled Counterclaim II as a claim seeking a "Declaration of Non-Infringement of the Alleged Copyright." (Doc. 54 at 16; Doc. 55 at 18.) They have not separately pleaded a counterclaim for innocent infringement. (*Id.*) However, one of the statements included in support of Counterclaim II is that "[a]ny conduct by [Defendants] that is allegedly infringing conduct was not willful, not malicious, not 'knowing infringement,' and/or was entirely innocent." (Doc. 54 at 16 (¶ 26); Doc. 55 at 18 (¶ 26).) Additionally, in their prayer for relief, one of the "judgments" Defendants seek is a declaration that, "if the Court adjudges that Defendants/Counterclaimants' alleged conduct does in fact constitute infringement, that such conduct causing infringement is innocent." (Doc. 54 at 17 (¶ E); Doc. 55 at 19 (¶ E).)

In their respective responses, Defendants do not address Plaintiffs' argument that a counterclaim for innocent infringement is improper because innocent infringement is an affirmative defense that bears only on damages. (*See generally* Docs. 59, 61.)

To the extent Defendants seek to bring a counterclaim for a declaratory judgment of innocent infringement in Counterclaim II, the Court agrees with Plaintiffs that the counterclaim should be dismissed. As Plaintiffs argue and other courts have concluded, the defense of "innocent infringement" requires, as a threshold matter, an admission or finding of infringement, *i.e.*, a finding for Plaintiffs on the merits of their infringement claim. And Defendants advance no argument as to why they should be allowed to seek a declaratory judgment that goes only to damages. As the *Westwood* court explained, should Plaintiffs' copyright infringement claims be dismissed, Defendants' "remaining counterclaim of innocent infringement—essentially, a defense to an increased statutory damages award for a claim that was never proven—would be superfluous." 2022 WL 17418975, at *4.

Further, even if Plaintiffs dismiss their infringement claims voluntarily, as Defendants have expressed concern they may do, the dismissal will still moot the issue of statutory damages, which, again, may only be awarded on a finding of infringement. *See* 17 U.S.C. § 504(c)(1), (2) (providing that "the copyright owner may elect … to recover, instead of actual damages and profits, an award of statutory damages," which award may be increased "where … [the] infringement was committed willfully" and reduced "where the infringer … was not aware and had no reason to believe that his or her acts constituted an infringement"). The Court therefore agrees that a counterclaim seeking a declaratory judgment of innocent infringement is not proper and, to the extent Defendants have brought such claims in Counterclaim II, they should be dismissed.

## IV.    CONCLUSION

For the reasons explained herein, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Dismiss Counterclaims of Bella Jewelry, LLC, Frank Amini, Kevin Karimi, Manic Enterprises, LLC, and Cindy DeNapoli (Doc. 57), as follows:

1. Plaintiffs' request for the Court to dismiss Defendants' respective counterclaims for "Declaration of Copyright Invalidity" (Counterclaim I) is DENIED to the extent the counterclaims are based on a theory that Plaintiffs' allegedly protected works are not original.

2. Plaintiffs' request for the Court to dismiss Defendants' respective counterclaims for "Declaration of Copyright Invalidity" (Counterclaim I) is GRANTED to the extent the claims are based on a theory that Plaintiffs knowingly included inaccurate information in their registration applications. These claims are hereby DISMISSED WITHOUT PREJUDICE to Defendants' ability to file a properly supported motion for leave to amend **no later than Thursday, May 15, 2025.**

3. Plaintiffs' request for the Court to dismiss Defendants' respective counterclaims for "Declaration of Non-Infringement" (Counterclaim II) is GRANTED to the extent the claims seek a declaration of innocent infringement. Such claims are hereby DISMISSED WITH PREJUDICE.

4. Except as set forth in Paragraph 3, *supra*, Plaintiffs' request for the Court to dismiss Defendants' respective counterclaims for "Declaration of Non-Infringement" (Counterclaim II) is DENIED.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent